# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| SHERRYL SNODGRASS CAFFEY,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | Case: 2:10-cv-03050-VEH |
| v.  ) | |
| ) | |
| ALABAMA SUPREME COURT, et al,.  ) | |
| ) | |
| Defendants.  ) | |

## MOVANT BRIAN JONES' INITIAL SUBMISSION IN RESPONSE TO EXHIBIT B OF THE COURT'S ORDER

**COMES NOW** Defendant Brian Jones (hereinafter referred to as "Jones"), by and through his undersigned counsel of record, and submits the following Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Memorandum of Law. In support thereof, Jones shows unto this Court as follows:

**I. STATEMENT OF FACTS**

1.  On November 10, 2010, Plaintiff Sherryl Snodgrass Caffey (hereinafter referred to as "Caffey") initiated the above-captioned civil action against a number of defendants including, *inter alia*, Jones, the Alabama Supreme Court, the individual justices of the Alabama Supreme Court, the Alabama State Bar, and various employees of the Alabama State Bar and the Disciplinary Board of the Alabama State

Bar. *See generally* Plaintiff's Complaint.

2.      In her 44 count, 181-page Complaint, Caffey asserts multiple claims against Jones, including fraud, retaliation, malicious prosecution, intentional infliction of emotional distress, outrage, and perjury. *See generally* Plaintiff's Complaint.

3.      Caffey's claims against Jones are predicated upon a Complaint that Jones filed against Caffey with the Alabama State Bar on April 7, 2000 (Plaintiff's Complaint at ¶ 47) and testimony Jones subsequently provided to the Hearing Panel concerning said Complaint. (Plaintiff's Complaint at ¶¶ 90-93; ¶¶ 100-104).

4.      As will be discussed in greater detail below, these statements are absolutely privileged and no action may be predicated upon statements articulated in a Complaint filed with the Alabama State Bar or testimony with respect thereto.

## II. LEGAL ARGUMENT

Caffey has failed to state a claim for which relief can be granted because Jones' statements and testimony are shielded by the absolute privilege that attaches to judicial proceedings.

The Preamble to the Alabama Rules of Professional Conduct explains as follows: "Every lawyer is responsible for observance of the Rules of Professional Conduct. A lawyer should also aid in securing their observance by other lawyers. Neglect of these responsibilities compromises the independence of the profession and

the public interest which it serves." In recognition of the importance of compliance with the Rules of Professional Conduct, 8.3(a) of the Rules of Professional Conduct requires "a lawyer possessing unprivileged knowledge of a violation of Rule 8.4 shall report such knowledge to a tribunal or other authority empowered to investigate or act upon such violation." Indeed, "a lawyer is obliged to report every violation of the Rules." Comment to Rule 8.3. Reporting Professional Misconduct of the Rules of Processional Conduct.

As further acknowledgment of the importance of self-governance of the legal profession, Rule 15 of the Alabama Rules of Disciplinary Procedure states that "Complaint and petitions submitted pursuant to these Rules or testimony with respect thereto shall be ***absolutely privileged*** and no lawsuit predicated thereon may be instituted." (emphasis supplied).

Absolutely privileged statements, no matter how false or malicious, cannot form the basis of civil liability. This has been the law in Alabama for almost one hundred fifty years. As stated by the Alabama Supreme Court in *Lawson v. Hicks*, 38 Ala. 279 (Ala. 1862).

> To the catalogue of absolutely privileged communications belong all words spoken or written by the court, the parties, or the counsel, in the due course of judicial proceedings, which may be relevant. The relevancy, or pertinency, of the calumnious matter is indispensible to its perfect and

>absolute freedom from all actionable quality; and being relevant, it can give rise to no civil responsibility, no matter how great the malignity or malice from which it may have originated.

See also O'Barr, 296 So. 2d at 156; *Walker v. Majors,* 496 So. 2d 726 (Ala. 1986).

It is settled law that "a proceeding by the Disciplinary Board of the State Bar is a judicial proceeding in that it is a judicial inquiry by this Court acting through the Alabama Board of Bar Commissioners." *Ex parte Garmon*, 641 So. 2d 257, 258 (Ala. 1998) (quoting *Cain v. Board of Commissioners of the Alabama State Bar,* 345 So. 2d 1343, 1346 (Ala.1977)); *see also State v. Murphy*, 1 So. 3d 1084, 1089 (Ala. Crim. App. 2008). Thus, the testimony that Jones provided to the Hearing Panel was part of a "judicial proceeding."

Accordingly, the test to determine whether absolute immunity will protect a statement made during the course of a judicial proceeding is simply whether *the matter has some relation to the proceeding. Hollander*, 19 So. 3d 184, 195-96 (Ala. 2009)(emphasis supplied). It cannot be disputed that this choice of language was a deliberate one. If the courts of this state intended to impose a heavier burden on a party seeking absolute immunity, different language could have been utilized. Specifically, language such as "material to the proceeding" or "necessary to state a claim or defense" could have been utilized.

This deliberate choice of language is in furtherance of the liberal view of how the test is to be applied in any given action. "The adjudicated cases have established a liberal view in the interpretation of the language used, *and all doubts are resolved in favor of its relevancy or pertinence*." *Walker v. Majors,* 496 So. 2d 726, 730 (Ala. 1986) (emphasis supplied); *Barnett v. Mobile Co. Pers. Bd.,* 536 So. 2d 46, 41 (Ala. 1988); *Adams v. Alabama Lime and Stone Corp.,* 142 So. 424, 425 (Ala. 1932).

In the instant matter, there is but one conclusion to be drawn: the Complaint filed with the Alabama State Bar and the subsequent testimony provided to the Hearing Panel are absolutely privileged. Thus, even when the allegations of Caffey's Complaint are viewed most strongly in her favor, it is still readily apparent that Caffey can prove no set of circumstances that would entitle her to relief.

### III. CONCLUSION

**WHEREFORE, PREMISES CONSIDERED**, Defendant Jones respectfully moves this Honorable Court for an Order dismissing each and every claim asserted against him by Caffey for failing to state a claim for which relief can be granted.

Respectfully submitted,

/s/Larry W. Harper
Larry W. Harper (ASB-3074-R76L; HAR093)
Attorney for Defendant Brian Jones

**OF COUNSEL:**
**PORTERFIELD, HARPER, MILLS & MOTLOW, P.A.**
22 Inverness Center Pkwy., Suite 600
Birmingham, Alabama  35242
(205)980-5000

## CERTIFICATE OF SERVICE

I hereby certify that I have on this **3rd** day of **January**, 2011, served a copy of the foregoing on counsel by mailing a copy of same by United States Mail properly addressed and first class postage prepaid, to-wit:

Sherryl Snodgrass Caffey
P.O. Box # 1276
56 Hughes Road
Madison, Alabama 35758

/s/Larry W. Harper
Of Counsel