FILED
2011 Jan-20 PM 05:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **SHERRYL SNODGRASS CAFFEY,** | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 2:10-cv-3050-VEH |
| **ALABAMA SUPREME COURT** *et al*, | ) |
| Defendants. | ) |

## MOTION TO DISMISS AND/OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT, AND OR IN THE ALTERNATIVE, MOTION TO STRIKE

COME NOW Defendants Alabama Supreme Court; Sue Bell Cobb; Champ Lyons, Jr.[1]; Thomas A. Woodall; Lyn Stuart; Patricia M. Smith; Michael F. Bolin; Tom Parker; Glenn Murdock; Greg Shaw; Robert G. Esdale, Sr.; Ann Wilson and James Woodroof, in their official and individual capacities, by and through their undersigned counsel, and pursuant to Rule 12(b)(e) and (f) of the Alabama Rules of Civil Procedure respectfully move this Honorable Court dismiss the claims against them or grant alternative relief on the following grounds:

---

[1] Pursuant to Rule 25 F.R.Civ.P., Jim Main is due to be substituted for Champ Lyons, Jr. and Kelli Wise for Patrticia Smith in their official capacities.

I. THE *ROOKER-FELDMAN* DOCTRINE PRECLUDES REVIEW OF PLAINTIFF'S CLAIMS

II. THE DEFENDANTS ARE ENTITLED TO ABSOLUTE JUDICIAL IMMUNITY AND QUASI-JUDICIAL IMMUNITY ON INDIVIDUAL CAPACITY CLAIMS

III. THE DEFENDANTS ARE ENTITLED TO IMMUNITY UNDER THE ELEVENTH AMENDMENT ON OFFICIAL CAPACITY CLAIMS

IV. THE DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY ON INDIVIDUAL CAPACITY CLAIMS

V. THE DEFENDANTS PLEAD THE APPLICABLE STATUTE OF LIMITATIONS

VI. THE DEFENDANTS ARE ENTITLED TO SOVEREIGN IMMUNITY UNDER ARTICLE 1, § 14 OF THE ALABAMA CONSTITUTION (1901)

VII. THE DEFENDANTS ARE ENTITLED TO STATE AGENT IMMUNITY

VIII. THE PLAINTIFF IS NOT PERMITTED UNDER ALA. CODE § 6-5-370 (1975) TO BRING A PRIVATE CAUSE OF ACTION FOR CRIMINAL LAW VIOLATIONS

IX. SUPPLEMENTAL JURISDICTION SHOULD NOT BE EXERCISED IN THIS CASE

X. NEGLIGENCE DOES NOT SUPPORT A 1983 DUE PROCESS CLAIM

XI. PLAINTIFF'S CONSPIRACY CLAIM FAILS FOR VAGUENESS AND IF PLED PROPERLY, THE DEFENDANTS ARE IMMUNE

XII. PLAINTIFF'S 42 U.S.C. 1981 AND FIFTH AMENDMENT CLAIMS FAIL

XIII.  ALTERNATIVE MOTION TO STRIKE AND FOR MORE DEFINITE STATEMENT

In the remote event the Court determines that any of the Plaintiff's allegations survive the above, the Court should strike Plaintiff's pleading and require her to re-plead any surviving causes of action; re-plead only the allegations necessary to support that count; require each count to only include one cause of action; and require the removal of superfluous material.  Further, each count should specify which defendant(s) it is against.  Plaintiff should be required to remove all allegations concerning her contempt proceeding in March of 2000 and only allege facts relevant to her recent disbarment which forms the basis of her complaint.

Respectfully submitted this the 20th day of January, 2011.

/s/ *Jeffery H. Long*
Jeffery H. Long
Assistant Attorney General


OF COUNSEL:

OFFICE OF THE ATTORNEY GENERAL
500 Dexter Avenue
Montgomery, AL  36130
(334) 242-7374
(334) 242-2433 (fax)

## **CERTIFICATE OF SERVICE**

I certify that I have this 20th day of January, 2011, electronically filed the foregoing pleading with the Clerk of the Court, using the CM/ECF system, which will send notification of same to the following CM/ECF participants:

Robert E. Lusk, Jr.
Assistant General Counsel
Alabama State Bar

I further certify that I have served a copy of the foregoing on the Plaintiff, by placing same in the United States Mail, postage prepaid, and properly addressed as follows:

Sherryl Snodgrass Caffey
PO Box 1276
56 Hughes Road
Madison, AL 35758

                         /s/ *Jeffery H. Long*
                         Jeffery H. Long
                         Assistant Attorney General