FILED
2011 Jan-20  PM 05:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

|  |  |
|---|---|
| **SHERRYL SNODGRASS CAFFEY,** | ) |
|  | ) |
| **Plaintiff,** | ) |
|  | ) |
| **v.** | )   **CASE NO. 2:10-cv-3050-VEH** |
|  | ) |
| **ALABAMA SUPREME COURT** *et al*, | ) |
|  | ) |
| **Defendants.** | ) |

## TABLE OF CONTENTS

PLAINTIFF'S COMPLAINT…………………………………………………...3

STANDARD OF REVIEW……………………………………………………….7

I.      THE *ROOKER-FELDMAN* DOCTRINE PRECLUDES REVIEW OF
        PLAINTIFF'S CLAIMS…………………………………………………8

II.     THE DEFENDANTS ARE ENTITLED TO ABSOLUTE JUDICIAL
        IMMUNITY AND QUASI-JUDICIAL IMMUNITY ON
        INDIVIDUAL CAPACITY CLAIMS……………………………………..12

III.    THE DEFENDANTS ARE ENTITLED TO IMMUNITY UNDER
        THE ELEVENTH AMENDMENT ON OFFICIAL CAPACITY
        CLAIMS…………………………………………………………………15

IV.     THE DEFENDANTS ARE ENTITLED TO QUALIFIED
        IMMUNITY ON INDIVIDUAL CAPACITY CLAIMS…………………..16

V.      THE DEFENDANTS PLEAD THE APPLICABLE STATUTE OF
        LIMITATIONS…………………………………………………………..19

VI.    THE DEFENDANTS ARE ENTITLED TO SOVEREIGN IMMUNITY UNDER ARTICLE 1, § 14 OF THE ALABAMA CONSTITUTION (1901)…………………………………………………………………..20

VII.   THE DEFENDANTS ARE ENTITLED TO STATE AGENT IMMUNITY……………………………………………………………21

VIII.  THE PLAINTIFF IS NOT PERMITTED UNDER ALA. CODE § 6-5-370 (1975) TO BRING A PRIVATE CAUSE OF ACTION FOR CRIMINAL LAW VIOLATIONS…………………………………………23

IX.    SUPPLEMENTAL JURISDICTION SHOULD NOT BE EXERCISED IN THIS CASE…………………………………………24

X.     NEGLIGENCE DOES NOT SUPPORT A 1983 DUE PROCESS CLAIM…………………………………………………………………..25

XI.    PLAINTIFF'S CONSPIRACY CLAIM FAILS FOR VAGUENESS AND IF PLED PROPERLY, THE DEFENDANTS ARE IMMUNE……..26

XII.   PLAINTIFF'S 42 U.S.C. 1981 AND FIFTH AMENDMENT CLAIMS FAIL…………………………………………………………………..27

XIII.  ALTERNATIVE MOTION TO STRIKE AND FOR MORE DEFINITE  STATEMENT…………………………………………………27

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| SHERRYL SNODGRASS CAFFEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:10-cv-3050-VEH |
| | ) |
| ALABAMA SUPREME COURT *et al*, | ) |
| | ) |
| Defendants. | ) |

### BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

COME NOW Defendants Alabama Supreme Court; Sue Bell Cobb; Champ Lyons, Jr.; Thomas A. Woodall; Lyn Stuart; Patricia M. Smith; Michael F. Bolin; Tom Parker; Glenn Murdock; Greg Shaw; Robert G. Esdale, Sr.; Ann Wilson and James Woodroof, in their official and individual capacities, by and through their undersigned counsel, and submit this Brief in Support of Defendant's Motion to Dismiss, based on the following grounds:

I.   THE *ROOKER-FELDMAN* DOCTRINE PRECLUDES REVIEW OF PLAINTIFF'S CLAIMS

II.  THE DEFENDANTS ARE ENTITLED TO ABSOLUTE JUDICIAL IMMUNITY AND QUASI-JUDICIAL IMMUNITY ON INDIVIDUAL CAPACITY CLAIMS

III. THE DEFENDANTS ARE ENTITLED TO IMMUNITY UNDER THE ELEVENTH AMENDMENT ON OFFICIAL CAPACITY CLAIMS

1

IV.   THE DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY ON INDIVIDUAL CAPACITY CLAIMS

V.   THE DEFENDANTS PLEAD THE APPLICABLE STATUTE OF LIMITATIONS

VI.   THE DEFENDANTS ARE ENTITLED TO SOVEREIGN IMMUNITY UNDER ARTICLE 1, § 14 OF THE ALABAMA CONSTITUTION (1901)

VII.   THE DEFENDANTS ARE ENTITLED TO STATE AGENT IMMUNITY

VIII.   THE PLAINTIFF IS NOT PERMITTED UNDER ALA. CODE § 6-5-370 (1975) TO BRING A PRIVATE CAUSE OF ACTION FOR CRIMINAL LAW VIOLATIONS

IX.   SUPPLEMENTAL JURISDICTION SHOULD NOT BE EXERCISED IN THIS CASE

X.   NEGLIGENCE DOES NOT SUPPORT A 1983 DUE PROCESS CLAIM

XI.   PLAINTIFF'S CONSPIRACY CLAIM FAILS FOR VAGUENESS AND IF PLED PROPERLY, THE DEFENDANTS ARE IMMUNE

XII.   PLAINTIFF'S 42 U.S.C. 1981 AND FIFTH AMENDMENT CLAIMS FAIL

XIII.   ALTERNATIVE MOTION TO STRIKE AND FOR MORE DEFINITE  STATEMENT

## PLAINTIFF'S COMPLAINT

1.     Sherryl Snodgrass Caffey claims that the Alabama Supreme Court, the Justices of the Alabama Supreme Court, Supreme Court Clerk Robert Esdale, and Staff Attorney Ann Wilson violated her constitutional rights and other state and federal rights in connection with a criminal case in Limestone County Circuit Court in which she represented the defendant.

2.     The Plaintiff alleges that Judge Woodroof violated her constitutional rights by finding her in contempt of court during a criminal trial in March of 2000. (¶ 13, 17, 21, 26)[1].   Plaintiff makes numerous claims against Judge Woodroof including: that he improperly found her in contempt (¶ 26); that he falsified the record in the criminal case (¶ 29, 33, 41); that he suppressed evidence from the case thereby affecting her appeals to the Alabama Court of Civil Appeals, Alabama Court of Criminal Appeals and the Alabama Supreme Court (¶ 29, 41); and that he testified falsely against her during the Alabama State Bar's investigation of a complaint filed against her by the prosecutor in the criminal case. (¶ 47, 90).

3.     The Plaintiff asserts that the Justices of the Alabama Supreme Court, the Clerk of the Court and Staff Attorney Ann Wilson violated her rights by improperly handling her appeal. (¶ 159-181).

---

[1] All references to Plaintiff's complaint shall be made by paragraph number or exhibit number.

3

4.     Plaintiff claims that Supreme Court Clerk Robert Esdale violated A.R.App.P 2(a)2 when he issued an order dismissing Plaintiff's appeal for failure to prosecute.( ¶ 160, 257-8).   Plaintiff claims she was not given notice of her default (¶ 258).  In fact, her complaint shows she was given notice on June 8, 2009 when the Court extended her brief due date to June 18, 2009 with no further extensions. (Ex. 38).  Thus, her complaint shows she was given notice in general terms.  Additionally, the Alabama State Bar's Motion to Dismiss filed on July 8, 2009 gave her further notice of her appeal's deficiency.  (Ex. 40).  Rule 2(a)2(D) A.R.App.P. states in pertinent part, "The Attorney in default has the burden to correct promptly any deficiency or to see that the default is corrected by the appropriate official."  The committee comment to Rule 2 A.R.App.P states an appeal may be dismissed for failure to file a brief.  *See also* Rule 31 A.R.App.P.

5.     Plaintiff's alleges Defendant Ann Wilson, a staff attorney for the Alabama Supreme Court, had a duty to ensure the proper processing of her appeal, confirmed to Plaintiff her appeal was closed, and warned Plaintiff about filing a complaint (presumably a bar complaint) against her. (¶ 181).

6.     Plaintiff's complaint (¶ 179) states the Alabama Supreme Court neglected to enforce its rulings in *Alabama State Bar v. Caffey*, Case Number 1040527.  That case is reported at 938 So. 2d 942, 950 wherein the Supreme Court affirmed the Board of Appeals remanding Plaintiff's disbarment proceeding to the

4

Disciplinary Board for a full hearing. The Alabama Supreme Court also noted that Plaintiff's contempt, as found by Judge Woodroof, was a final ruling (*id*. at 947) and the Alabama Supreme Court opined that Plaintiff would not be entitled to "offer any evidence" attempting to collaterally attack or challenge the contempt order before the Disciplinary Board. *Id*. at 946, 947. The Alabama Supreme Court ruled that Plaintiff's equal protection argument failed because she cited cases where attorneys were treated differently than her, but failed to demonstrated how these cases are similar to hers. *Id*. at 942. The Supreme Court found that she was given all her due process rights in her contempt hearing. *Id*. at 947. Plaintiff had her disbarment hearing as her Exhibit 21 clearly shows.

7.     Plaintiff's docket sheet which is part of her Exhibit 35, shows she was appealing from ASB-03-73A and that due to her failure to prosecute her appeal, *i.e.* file a brief, a final order dismissing her appeal was issued on August 4, 2009. Plaintiff's Exhibit 30 shows the Disciplinary Board's Order to disbar Plaintiff was filed with the Supreme Court on August 4, 2009 and the Court issued an order disbarring her on August 21, 2009.

8.     Additionally, and contrary to Plaintiff's assertion that her certiorari petition was denied due to lack of a final order, when Plaintiff's Writ of Certiorari contesting *Caffey v. Alabama State Bar* (ASB-03-73A) was denied, the U.S. Supreme Court cited no reason for denying cert. 130 S.Ct. 2373, 176 L.Ed 767

5

(U.S. 2010).   Thus, the denial of cert. by the U.S. Supreme Court made the final decision of the Alabama Supreme Court the final order in the case.  Because the Alabama Supreme Court's final order dismissed Plaintiff's appeal, the Disciplinary Board's Order became the final judgment on the merits.  The Alabama Supreme Court's Order of August 21, 2009 (Ex. 20)[2] enforces the decision of the Disciplinary Board.

9.    Plaintiff's allegations against the Alabama Supreme Court and the Justices individually are that they acquiesced in, or ratified, the Defendants' [the other Defendants] aforesaid illegal conduct by refusing and/or failing to discharge their statutory duty and Constitutional duty. (Compl. passim) (bracketed material added for clarity). Plaintiff specifically states the Alabama Supreme Court neglected to enforce its rulings in *ASB v. Caffey*, Case Number 1040527 (¶ 179) and denied her statutory right to an appeal of her disbarment. (¶ 275, 319).  All of Plaintiff's complaints in this Federal Court against the Alabama Supreme Court and court officials are intertwined with the ruling of the Alabama Supreme Court in *Alabama State Bar v. Caffey*, 938 So. 2d 942 (Ala. 2006) and its ruling in *Caffey v. Alabama State Bar*, Supreme Court Case Number 1080561, which was the unsuccessful appeal of her disbarment.  The former case makes particularized rulings that all issues concerning Plaintiff's contempt proceeding before Judge

---

[2] Plaintiff alleges that her Exhibit 20, the Order disbarring her, is fraudulent. (¶ 133, 138).  This is an authentic document which can be authenticated upon the Court's request.

6

Woodroof are final and not subject to re-litigation. *ASB v Caffey*, 938 So. 2d at 946.

10.    As will be shown, all of the Plaintiff's claims are barred by the *Rooker-Feldman* doctrine or, in the alternative, by Eleventh Amendment, judicial, quasi-judicial, qualified, state agent, and sovereign immunities or other defenses. Furthermore, many of Plaintiff's factual allegations are outside the statute of limitations for 1983 actions.

## STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to file a motion to dismiss all or some of the claims in a complaint on the ground that such allegations fail to state a claim upon which relief can be granted. The purpose of such a motion is to test the facial sufficiency of the plaintiff's statement of claim for relief. *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997).

When resolving such a motion, a district court's review is generally limited to the four corners of the complaint. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (*citing Brooks*, 116 F.3d at 1368, 1369). In resolving a Rule 12(b)(6) motion, the court assumes the factual allegations in the complaint are true and gives the plaintiff the benefit of all reasonable factual inferences. *Hazewood v. Foundation Financial Group, LLC*, 551 F.3d 1223, 1224 (11th Cir.

2008) (per curiam). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations, brackets, and internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. Further, a complaint is subject to dismissal under Rule 12(b)(6) when its allegations-on their face-show that an affirmative defense, including judicial immunity, bars recovery on the claim. *See Sibley v. Lando*, 437 F.3d 1067, 1070 n.2 (11th Cir. 2005); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001) (en banc).

## I. THE *ROOKER-FELDMAN* DOCTRINE PRECLUDES REVIEW OF PLAINTIFF'S CLAIMS

Plaintiff's claims are subject to dismissal under the *Rooker-Feldman* doctrine, on the ground that the Plaintiff is attempting to have this Court act as a reviewing court of state litigation.   The Plaintiff's complaints against Judge Woodroof concerning her contempt have been finally litigated. *Caffey v. Ala. State Bar*, 938 So. 2d 942, 950 (Ala. 2006).   Likewise, Plaintiff's disbarment proceeding before the Disciplinary Board, Panel III became final when she failed to perfect her appeal of disbarment by timely filing a brief and same was dismissed

by the Alabama Supreme Court on August 4, 2009. (See Plaintiff's Exhibits 35, 36, 37).  Under *Rooker-Feldman*, "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006) (per curiam); *see also Nicholson v. Shafe*, 558 F.3d 1266, 1270-72 (11th Cir. 2009); *Green v. Jefferson County Com'n*, 563 F. 3d 1243, 1249, (11th Cir. 2009).

"*Rooker-Feldman* concerns a district court's subject matter jurisdiction." *Lance v. Coffman*, 549 U.S. 437, 439 (2007) (per curiam) (*citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005)).

*Rooker-Feldman* is a doctrine that occupies "narrow ground," *Exxon*, 544 U.S. at 284, under which a district court is deprived of subject-matter jurisdiction. It applies only in the "limited circumstances" in which "[1] the losing party in state court [2] file[s] suit in federal court after the state proceedings end[ ], [3] complaining of an injury caused by the state-court judgment and [4] seeking review and rejection of that judgment." *Exxon Mobil*, 544 U.S. at 291(brackets added); *see also Casale v. Tillman*, 558 F.3d 1258, 1261 (11th Cir. 2009) (per curiam).

The circumstances of this case fit perfectly within the parameters set forth in *Exxon Mobil.*  The Plaintiff is the losing party in state court, she filed suit in federal court after the state proceedings ended, she is complaining of an injury

9

caused by the state-court judgment, the decision of the Disciplinary Board, Panel III (Ex. 21), and she is seeking review and rejection of that judgment.

As the Court stated in *Casale v. Tillman*, 558 F.3d 1258, 1261 (11th Cir. 2009) (per curiam), "If [the plaintiff] believed the state court's result was based on a legal error, the proper response was the same one open to all litigants who are unhappy with the judgment of a trial court: direct appeal. [The federal courts] are not a clearinghouse for [the plaintiff's] overstock arguments; if he did not offer them to the state courts-or if the state courts did not buy them-he cannot unload them by attempting to sell them to us. [The plaintiff] is just the sort of "state-court loser[ ]" the *Rooker-Feldman* doctrine was designed to turn aside." *Id.*

Accordingly, this Court lacks subject matter jurisdiction to consider the Plaintiffs' claims for declaratory or injunctive relief. *See Doe v. Pryor,* 344 F.3d 1282, 1286 (11th Cir. 2003) (recognizing that *Rooker-Feldman* would preclude federal court review of an Alabama state court's custody determination alleged to violate the plaintiff's constitutional rights); *Liedel v. Juvenile Court of Madison County, Ala.*, 891 F.2d 1542, 1545-46 (11th Cir. 1990) (holding no federal jurisdiction existed under *Rooker-Feldman* to consider the plaintiff's § 1983 claims seeking an injunction against enforcement of juvenile court's orders regarding custody and preventing further orders against the plaintiffs); *Staley v. Ledbetter*, 837 F.2d 1016, 1018 (11th Cir. 1988) ("The district court in this case lacked

jurisdiction [under *Rooker-Feldman*] to hear a Section 1983 claim that in essence sought to reverse a state court's child custody determination."); *see also Ludwig v. Berks County, PA*, 313 Fed. Appx. 479, 481 (3rd Cir. 2008); *Buchanan v. Gay*, 491 F. Supp. 2d 483, 492-93 (D. Del. 2007); *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 87 (2nd Cir. 2005).  Because the court lacks subject-matter jurisdiction over the Plaintiffs' claims for equitable relief, these Defendants are due to be dismissed.  *See Stalley ex rel. United States v. Orlando Regional Healthcare System, Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).

It must be pointed out, however, that *Rooker-Feldman* does not necessarily dispose of Plaintiffs' demand for money damages.   The Supreme Court has cautioned "that the *Rooker-Feldman* doctrine 'has sometimes been construed to extend far beyond the contours of the *Rooker* and *Feldman* cases' and it should be 'confined to cases of the kind from which the doctrine acquired its name.'" *Nicholson v. Shafe*, 558 F. 3d 1266, 1270 (11th Cir. 2009) (*quoting Exxon*, 544 U.S. at 283, 284).  Thus, for example, while rejecting the use of § 1983 as a device for collateral review of state court judgments, the Eleventh Circuit indicated that application of *Rooker-Feldman* was not "appropriate" to a § 1983 action against state court judges based upon their rulings in a case in which the Plaintiff was incarcerated for failing to pay child support, where the Plaintiff did not ask a federal court to "fix an erroneous state court judgment" but rather demanded an

award of money damages.  *See Sibley,* 437 F.3d at 1071 & n.3.  These claims are due to be dismissed on separate grounds.

## II.     THE DEFENDANTS ARE ENTITLED TO ABSOLUTE JUDICIAL IMMUNITY AND QUASI-JUDICIAL IMMUNITY ON INDIVIDUAL CAPACITY CLAIMS

Plaintiff's claims brought against the Justices and Judge Woodroof in their individual capacities are due to be dismissed because these Defendants are immune from liability under the doctrine of judicial immunity.  In *Pierson v. Ray*, the Court stated as follows:

> It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decisionmaking but to intimidation.

*Pierson v. Ray*, 386 U.S. 547, 554 (1967).

The Supreme Court has established a two-part test for determining whether a judge is absolutely immune from damage liability.  *Simmons v. Conger,* 86 F. 3d 1080, 1084 (11th Cir. 1996) (*citing Stump v. Sparkman*, 435 U.S. 349 (1978)).  First, the court must determine whether the judge dealt with the plaintiff in his judicial capacity.  *Id.*  If the court determines the judge dealt with the plaintiff in his judicial capacity, then the court must determine whether the judge acted in the

12

"clear absence of all jurisdiction." *Conger* at 1085.  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"  *Stump*, 435 U.S. at 356-57 (citations omitted).

In this case, the Justices and Judge Woodroof dealt with the Plaintiff in their judicial capacities.  The incident involving judge Woodroof occurred while Judge Woodroof was hearing a criminal trial.  From behind the bench, Judge Woodroof declared a mistrial in the case and had the Plaintiff arrested and removed from the courtroom for contempt.  Judge Woodroof was acting in his judicial capacity in finding the Plaintiff in contempt.  *See* Rule 33, A.R.Crim.P. and Section 12-1-8(1) of the Code of Alabama.   As a result, Judge Woodroof's actions satisfy the first part of the test for determining the applicability of judicial immunity.

Additionally, Judge Woodroof satisfies the second part of the *Stump* analysis.  He clearly had jurisdiction over the criminal trial and contempt proceeding in which he was presiding, and there is no allegation to the contrary. As a result, because Judge Woodroof's conduct concerning Plaintiff's contempt proceeding satisfies both prongs of the *Stump* analysis for judicial immunity from damages liability under section 1983, he is not subject to damage liability in his individual capacity.   Defendant Woodroof testified as a witness in Plaintiff's

13

disbarment proceeding and as such, he has absolute witness immunity. *Brisco v. LaHue*, 460 U.S. 325, 342-43 (1983); Rule 15 A.R.Disp.P.

Plaintiff appealed her disbarment to the Alabama Supreme Court, which had jurisdiction pursuant to Rule 12(f) A.R.Disp.P. and unquestionably dealt with the Plaintiff's case in their judicial capacities as shown by Plaintiff's Exhibits 30, 36, and 37, thus satisfying both prongs of the *Stump* analysis.

Plaintiff's claims brought against Clerk Esdale and Staff Attorney Wilson in their individual capacity are due to be dismissed pursuant to the doctrine of quasi-judicial immunity. "Quasi-judicial immunity derives from judicial immunity…" *Turney v. O'Toole*, 898 F.2d 1470, 1474 (10th Cir. 1990). Judges are absolutely immune from civil liability under Section 1983 for acts performed in their judicial capacity provided such acts are not done in the "'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 357, (1978) (quoting *Bradley v. Fisher*, 13 Wall. 335, 351, (1872)). Non-judicial officials are encompassed by a judge's absolute immunity when their official duties "have an integral relationship with the judicial process." *Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir. 1980). In this case, Esdale and Wilson had an integral relationship with the judicial process.

### III.   THE DEFENDANTS ARE ENTITLED TO IMMUNITY UNDER THE ELEVENTH AMENDMENT ON OFFICIAL CAPACITY CLAIMS

The Eleventh Amendment to the United States Constitution protects state officials from damage suits resulting from acts taken in their official capacities. *Simmons v. Conger*, 86 F.3d 1080, 1084 (11th Cir. 1996) (holding district court erred in awarding damages against state circuit court judge in his official capacity, given that such relief is barred by the Eleventh Amendment.)

It is well-settled that "in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).   "This jurisdictional bar applies regardless of the nature of the relief sought." *Id.*

The Defendants named above, through their position as Justice, Judge, Court Clerk, and Court Staff Attorney, are all state officials.   "The Eleventh Amendment bars a suit against state officials when 'the state is the real, substantial party in interest.'" *Id.   (citing Ford Motor Co. v. Department of Treasury,* 323 U.S. 459, 464 (1945)).   The Defendants are entitled to absolute immunity in their official capacities under the Eleventh Amendment.

## IV.   THE DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY ON  INDIVIDUAL CAPACITY CLAIMS

While the Eleventh Amendment shields state officers from damage suits in their official capacities, these officials are individually subject to liability under 42 U.S.C. § 1983 for violation of the United States Constitution and federal law.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1984).   However, a government official sued in his or her individual capacity under § 1983 may assert qualified immunity as an affirmative defense if he or she was performing a discretionary function.  *Crosby v. Monroe County*, 394 F.3d 1328, 1332 (11th Cir. 2004).  "Once the official has established that he was engaged in a discretionary function, the plaintiff bears the burden of demonstrating that the official is not entitled to qualified immunity."  *Id.*   If the plaintiff fails to furnish sufficient factual allegations at this stage, the defendant officer is entitled to judgment as a matter of law.  *See Marsh v. Butler County, Alabama*, 268 F. 3d 1014, 1028 (11th Cir. 2001).

In *Saucier v. Katz*, 533 U.S. 194, 201 (2001), the Supreme Court delineated a two-step analysis for determining whether an officer is eligible for qualified immunity.   The initial inquiry focuses on whether the plaintiff's allegations, if considered true, show that the officer violated a constitutional right.  *Id.*   The absence of a constitutional transgression ends the inquiry.  *Id.*   Where a court does

16

find that an officer acted in an unconstitutional manner, the analysis turns to whether the right in question was clearly established so that the officer had fair warning that his or her conduct was constitutionally prohibited. *Id.*

"For a constitutional right to be clearly established, its contours must be sufficiently clear that a reasonable officer would understand that what he is doing violates that right." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (citation and internal quotations omitted). This standard does not require a prior court decision to have declared the precise set of facts presently alleged unlawful, "but to say that in the light of pre-existing law the unlawfulness must be apparent." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). "The salient question … is whether the state of the law … gave [the officers] fair warning that their alleged treatment of [the plaintiff] was unconstitutional." *Hope*, 536 U.S. at 741.

The Eleventh Circuit has further refined the analysis of when the law is clearly established. It has observed that "fair and clear" notice may be given by (1) the "obvious clarity" of the pertinent federal statute or constitutional provision, such that qualified immunity may be overcome in the "total absence of case law'" (2) the judicial determination that certain conduct has been defined as unlawful without regard to particular facts, and (3) holdings in specific cases that are tied to certain facts. *Vineyard v. Wilson*, 311 F.3d 1340, 1350-51 (11th Cir. 2002) (emphasis removed). The decisions of the Supreme Court, the Eleventh Circuit,

17

and the Alabama Supreme Court provide the case law establishing the boundaries of rights in the qualified immunity analysis. *Thomas ex rel., Thomas v. Roberts*, 323 F.3d 950, 953 (11th Cir. 2003).

Plaintiff specifically alleges Defendant Supreme Court Clerk Robert Esdale violated Rule 2(a)2 of the Alabama Rules of Appellate Procedure. (¶ 160, 256-258). Assuming arguendo, that Plaintiff is correct, which she is not, in *Davis v. Scherer*, 468 U.S. 186, 194 n. 12 (1984) the Supreme Court held, "neither federal or state officials lose their immunity by violating the clear command of a statute or regulation – of federal or state law-…" In fact, Plaintiff's complaint shows Supreme Court Clerk Robert Esdale complied with the rule because she was given notice that her brief was due on June 18, 2009 without further extension. (Ex. 38). Plaintiff again received notice when the Alabama State Bar filed a motion to dismiss on July 8, 2009. Pursuant to A.R.App.P. 2(a)(2)(D), Plaintiff had the duty to promptly correct the deficiency. The committee comments to Rule 2 A.R.App.P. say an appeal may be dismissed for failure to file a brief as does Rule 31 A.R.App.P.

Plaintiff alleges staff attorney Ann Wilson confirmed to the Plaintiff that her appeal file of her disbarment was closed. (¶ 181). Plaintiff also claims that Wilson warned Plaintiff about filing a complaint against Wilson. (¶ 181). Plaintiff cannot cite any case law wherein a staff attorney informing a litigant of the status of a case

18

is a constitutional violation.  Even if Wilson threatened Plaintiff (warned her not to file a bar complaint), "mere threatening language and gestures…do not, even if true, amount to constitutional violations." *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983). The Defendants are entitled to qualified immunity because none of their conduct violates any "clearly established constitutional law."

## V.     THE DEFENDANTS PLEAD THE APPLICABLE STATUTE OF LIMITATIONS[3]

Congress did not provide a statute of limitations for § 1983 actions. However, the United States Supreme Court established that in § 1983 cases, the applicable statute of limitations is the residual statute of limitations for personal injuries provided by the law of the state in which the action is proceeding. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989).  Alabama's general or residual statute of limitations for personal injury actions is two years.  ALA. CODE § 6-2-38 (1975). Thus, in 42 U.S.C. § 1983 actions brought in Alabama, the applicable statute of limitations is two years.  *Lufkin v. McCallum*, 956 F.2d 1104, 1106 (11th Cir. 1992); *Parrish v. City of Opp, Alabama*, 898 F.Supp. 839, 844 (M.D. Ala. 1995). In the present case, Plaintiff's contempt proceeding before Judge Woodroof was well over two years old and outside the statute of limitations when Plaintiff filed suit.

---

[3] This Court may take judicial notice of *Caffey v. State of Alabama*, CV 02-S-0755-NE and *sua sponte* note that res judicata applies to many of the Plaintiff's claims.  This defense is cumulative of the statute of limitations defense and discussion is pretermitted for brevity's sake.

19

## VI.   THE DEFENDANTS ARE ENTITLED TO SOVEREIGN IMMUNITY UNDER ARTICLE 1, § 14 OF THE ALABAMA CONSTITUTION (1901)

Article I, § 14, of the Alabama Constitution provides that "the State of Alabama shall never be made a defendant in any court of law or equity."  "This constitutional provision has been described as a nearly impregnable and almost invincible wall that provides the State an unwaiverable, absolute immunity from suit in any court." *Ex Parte Shelley*, 2009 WL 2997498, 2 (Ala. 2009) (internal citations omitted).

"The doctrine of State immunity under § 14 of the Alabama Constitution, insofar as it operates to provide absolute immunity to certain State actors with respect to suits against them in their individual capacity for money damages, is a doctrine that is applicable to constitutional officers."  *Id.* at 8.  "[T]his court has consistently held that a claim for monetary damages made against a constitutional officer in the officer's individual capacity is barred by *State immunity* whenever the acts that are the basis of the alleged liability were performed within the course and scope of the officer's employment." *Id.* at 9.

The Justices of the Alabama Supreme Court and Judge Woodroof are constitutional officers pursuant to Article VI, § 140 and § 142 of the Alabama Constitution.  The acts of the Justices and Judge Woodroof, which form the basis of the alleged liability in this case, were performed within the course and scope of

20

their employment.  Accordingly, the Justices and Judge Woodroof are entitled to sovereign immunity, in their respective individual capacities, from the Plaintiff's claims for monetary damages.

## VII.  THE DEFENDANTS ARE ENTITLED TO STATE AGENT IMMUNITY IN THEIR INDIVIDUAL CAPACITIES

In *Ex Parte Cranman*, 792 So. 2d 392 (Ala. 2000),[4] "[t]he Court reset the parameters of State-agent immunity by specifying the type of conduct for which [state agent] immunity would be afforded and the circumstances in which it would not be." *LeFrere v. Quezada* , 582 F.3d 1260, 1265 (11th Cir. 2009).

The Court in *Cranman* held, in pertinent part:

> A State agent *shall* be immune from civil liability in his or her personal capacity when the conduct made the basis of the claim against the agent is based upon the agent's…
>
> (2) exercising his or her judgment in the administration of a department or agency of government, including, but not limited to, examples such as:
>
> (a) making administrative adjudications;…
>
> (3) discharging duties imposed on a department or agency by statute, rule, or regulation, insofar as the statute, rule, or regulation prescribes the manner for performing the duties and the State agent performs the duties in that manner; or

---

[4] *Cranman* is a plurality opinion that states the test for immunity.  The *Cranman* test was later adopted by a majority in *Ex Parte Butts*, 775 So.2d 173 (Ala. 2006).  The Court in *Cranman* at 396, specifically stated that they were not addressing absolute immunity of witnesses, judges, prosecutors, or legislators.

(4) exercising judgment in the enforcement of the criminal laws of the State, including, but not limited to, law-enforcement officers' arresting or attempting to arrest persons; or…

[5] Notwithstanding anything to the contrary in the foregoing statement of the rule, a State agent *shall not* be immune from civil liability in his or her personal capacity

> (1) when the Constitution or laws of the United States, or the Constitution of this State, or laws, rules, or regulations of this State enacted or promulgated for the purpose of regulating the activities of a governmental agency require otherwise; or
>
> (2) when the State agent acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law.

*Cranman*, 792 So. 2d at 405.

Judge Woodruff is entitled to protection from suit in his individual capacity under the doctrine of state agent immunity as recognized in *Cranman*. *Id.* When Judge Woodroof found the Plaintiff in contempt of Court during the criminal trial in Limestone County, he was "[e]xercising judgment in the enforcement of the criminal laws of the State," a type of conduct that is specifically included in *Cranman*. *Id.* Furthermore, there is no evidence that Judge Woodroof acted willfully, maliciously, fraudulently, in bad faith, beyond his authority, or under a mistaken interpretation of the law at any time during the criminal trial, or subsequent to the contempt order.

22

Supreme Court Clerk Robert Esdale is entitled to state agent immunity because he was "exercising his[ ] judgment in the administration of a department or agency of government" and discharging duties imposed by rule when performing the acts which form the basis of Plaintiff's claims against him. *Id.*

## VIII.  PLAINTIFF IS NOT PERMITTED UNDER ALA. CODE § 6-5-370 (1975) TO BRING A PRIVATE CAUSE OF ACTION FOR CRIMINAL LAW VIOLATIONS

The Plaintiff alleges multiple violations of federal and state criminal laws and attempts to assert these claims through § 6-5-370 of the Code of Alabama (1975).  Complaint at ¶ 2.  However, the Plaintiff's "reliance on § 6-5-370 as permitting private causes of action for criminal state law violations is misplaced." *Crooked Creek Properties, Inc., v. Ensley*, 2009 WL 3644835 at *7 (M.D. Ala. 2009) (not reported).

Section 6-5-370 of the Code of Alabama states that "[f]or any injury, either to person or property, amounting to a felony, a civil action may be commenced by the party injured without prosecution of the offender."  Ala. Code § 6-5-370 (1975).  "Section 6-5-370 does not create a cause of action; rather, it merely allows a plaintiff to commence a civil action, even if the plaintiff does not pursue criminal prosecution of the defendant." *Crooked Creek*, at 7 (*citing Lewis v. Fraunfelder*, 796 So. 2d 1067, 1070 (Ala. 2000)).  Stated differently, this section "only eliminates an obstacle for plaintiffs with a valid cause of action; it does not *create*

23

a civil cause of action for any injury that amounts to a felony." *Preskitt v. Lyons*, 865 So. 2d 424, 429 (Ala. 2003)(emphasis in original). Accordingly, section 6-5-370 of the Code of Alabama cannot be used by the Plaintiff to assert a private cause of action alleging violations of criminal statutes.

## IX.   SUPPLEMENTAL JURISDICTION SHOULD NOT BE EXERCISED IN  THIS CASE

Plaintiff's complaint seeks to allege various Alabama tort and statutory claims.  If this Court dismisses all Plaintiff's federal claims, it must inquire as to "whether a jurisdictional basis exists to support Plaintiff's state law claims in federal court."  *Baggett v. First National Bank of Gainesville*, 117 F. 3d 1342, 1352 (11th Cir. 1997).  The appropriate court inquiry is as follows:

> First, the Court must decide whether it has the power to hear the state law claims. Second, if the Court does have the power to hear the state claims, the Court must decide whether, in its discretion, it will retain jurisdiction over the state claims. *United Mine Workers v. Gibbs*, 383 U.S. 715, 725-26, 86 S.Ct. 1130, 1138-1139, 16 L.Ed.2d 218 (1966).

*Baggett,* 117 F.3d at 1352.

Under 28 U.S.C. §1367(c), a court may dismiss any state law claims where the Court has dismissed all the claims over which it had original jurisdiction. Even where §1367(c) applies, the Court is permitted to apply considerations of judicial economy, convenience, fairness, and comity in deciding whether to exercise supplemental jurisdiction in its discretion. *Palmer v. Hospital Authority of*

*Randolph County*, 22 F.3d 1559, 1569 (11th Cir. 1994). However, where all federal claims are dismissed prior to trial, these considerations favor the Court's declining to exercise federal jurisdiction over the state claims. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (dismissal of state claims strongly encouraged where federal claims are dismissed prior to trial); *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n. 7 (1988) (when federal law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal courts should decline the exercise of jurisdiction by dismissing the case without prejudice.)

## X.   NEGLIGENCE DOES NOT SUPPORT A 1983 DUE PROCESS CLAIM

The Plaintiff alleges that the Alabama Supreme Court has been negligent in performing its duties under the law and negligent in preventing a conspiracy. (¶ 330-334).  Throughout Plaintiff's complaint she states the Alabama Supreme Court acquiesced in the other Defendants' unconstitutional conduct.  Defendants can only surmise what Plaintiff means by acquiesce.  Plaintiff had an appeal right pursuant to Rule 12(f) of the Alabama Rules of Disciplinary Procedure.  Rule 1 A.R.App.P. required the Plaintiff to comply with the Court's appellate rules. She did not.  Accordingly her appeal was dismissed.   Insofar as Plaintiff's complaint is

construed as negligence, it does not support a 1983 due process claim. *Daniels v. Williams*, 474 U.S. 327, 328 (1986).

## XI. PLAINTIFF'S CONSPIRACY CLAIM FAILS FOR VAGUENESS AND IF PLED PROPERLY, THE DEFENDANTS ARE IMMUNE

Plaintiff alleges the Defendants conspired to interfere with her civil rights. (¶ 324 *et seq*.). To the extent Plaintiff's complaint may be considered to present an allegation that Defendants conspired with each other to violate her constitutional rights with respect to the conduct about which she complains in the instant lawsuit, she is entitled to no relief.

Vague and conclusory allegations of conspiracy will not support a § 1983 claim. *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). Plaintiff must make factual "allegations of a combination, agreement, or understanding among all or between any of the defendants [or co-conspirators] [to] plot[], plan[], or conspire[] together to carry out the alleged chain of events." *Ammlung v. City of Chester*, 494 F.2d 811, 814 (3rd Cir. 1974); *see also Lawline v. American Bar Association*, 738 F. Supp. 288, 295 at n. 7 (N.D. Ill. 1990), aff'd, 956 F.2d 1378 (7th Cir. 1992); *Carreon v. Baumann*, 747 F. Supp. 1290, 1291-92 (N.D. Ill. 1990). Mere naked assertions or boilerplate allegations concerning a conspiracy are insufficient to state a viable constitutional claim. *See Phillip v. Mashburn*, 746

F.2d 782, 785 (11th Cir. 1984); *Theis v. Smith*, 676 F. Supp. 874, 877 (N.D. Ill. 1988).

Even if Plaintiff had properly pled a conspiracy claim with the factual detail necessary, the Eleventh Circuit has held:

> Were we to follow *Rankin*, judges, on mere allegations of conspiracy or prior agreement, could be hauled into court and made to defend their judicial acts, the precise result judicial immunity was designed to avoid. We find this circuit's precedent, which avoids the possibility of such a result, to be a more accurate reflection of the scope and rationale of the doctrine as it has been fashioned by the Supreme Court.

*Dykes v. Hose,* 776 F.2d 942, 946 (11th Cir. 1985).

## XII.   PLAINTIFF'S 42 U.S.C. 1981 AND FIFTH AMENDMENT CLAIMS FAIL

Simply put, § 1981 does not provide for claims against state actors. *Butts v. County of Volusia,* 222 F.3d 891, 892-894 (11th Cir. 2000). Likewise the Fifth Amendment Due Process Clause only applies to the Federal Government. See *Strickland v. City of Dothan*, 399 F. Supp. 2d 1275, 1284 (M.D. Ala. 2005) (*citing Bartkus v. State of Illinois* 359 U.S. 121, 124 (1959)).

## XIII.   ALTERNATIVE MOTION TO STRIKE AND FOR MORE DEFINITE STATEMENT

In order to serve judicial economy, the undersigned has met the Plaintiff's shotgun pleading with the dispositive defenses of *Rooker-Feldman,* various

immunities and other defenses.  If the Court determines that any of the Plaintiff's federal allegations survive, then the Court should require Plaintiff to re-plead her entire complaint.

The Plaintiff's complaint is a prototypical shotgun pleading. "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (*i.e.*, all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002).  Plaintiff throughout her complaint constantly incorporates previous paragraphs. For example, Count 19 incorporates all of the previous 364 paragraphs and includes multiple causes of action.  "The use of shotgun pleadings in civil cases is a ubiquitous problem." *Morro v. City of Birmingham*, 117 F.3d 508, 515 (11th Cir. 1997). "Shotgun pleadings are not allowed; a lawsuit is not a game of hunt the peanut." *Dinkins v. Charoen Pokphand U.S.A., Inc.*, 133 F. Supp. 2d 1254, 1261 (M.D. Ala. 2001) (DeMent, J.).

The United States Court of Appeals for the Eleventh Circuit "has addressed the topic of shotgun pleadings on numerous occasions in the past, often at great length and always with great dismay." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1296 n.9 (11th Cir. 2002). "Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the

28

trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." *Cramer v. State of Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997). "Shotgun pleadings, if tolerated, harm the court by impeding its ability to administer justice." *Byrne v. Nezhat*, 261 F.3d 1075, 1131 (11th Cir. 2001).

"In the long term … the judicial work that results from shotgun pleading is far more time consuming than the work required up front to prevent the case from proceeding beyond the pleadings until the issues are reasonably well defined." *Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc*., 162 F.3d 1290, 1333 (11th Cir. 1998). The Eleventh Circuit has criticized defendants for their failure to move for a more definite statement in the face of a shotgun complaint. *See, e.g., Byrne v. Nezhat*, 261 F.3d 1075, 1128-29 (11th Cir. 2001); *Anderson v. District Bd. of Trs*., 77 F.3d 364, 366-67 (11th Cir. 1996).

Because Plaintiff's complaint is the typical shotgun pleading, the Court should require her to re-plead any surviving causes of action; re-plead only the allegations necessary to support that count; require each count to only include one cause of action; and require the removal of superfluous material. Further, each count should specify which Defendant(s) it is against. Plaintiff should be required to remove all allegations concerning her contempt proceeding in March of 2000

and only allege facts relevant to her recent disbarment which forms the basis of her

complaint.

Respectfully submitted this the 20th day of January, 2011.

/s/ *Jeffery H. Long*
Jeffery H. Long
Assistant Attorney General


OF COUNSEL:
OFFICE OF THE ATTORNEY GENERAL
500 Dexter Avenue
Montgomery, AL  36130
(334) 242-7555
(334) 242-2433 (fax)

## CERTIFICATE OF SERVICE

I certify that I have this 20th day of January, 2011, electronically filed the foregoing pleading with the Clerk of the Court, using the CM/ECF system, which will send notification of same to the following CM/ECF participants:

Robert E. Lusk, Jr., Assistant General Counsel
Alabama State Bar

I further certify that I have served a copy of the foregoing on the Plaintiff, by placing same in the United States Mail, postage prepaid, and properly addressed as follows:

Sherryl Snodgrass Caffey
PO Box 1276
56 Hughes Road
Madison, AL 35758

/s/ *Jeffery H. Long*
Jeffery H. Long
Assistant Attorney General