IN THE UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SHERRYL SNODRASS CAFFEY, )
)
    Plaintiff, )
)
v. ) CASE NO. 2:10-cv-3050-VEH
)
ALABAMA SUPREME COURT, et al., )
)
    Defendants. )

### MOTION TO DISMISS BY DEFENDANTS, ALABAMA STATE BAR, F. MICHAEL HANEY, ROBERT LUSK, CHERYL RANKIN, BONNIE MAINOR, JAMES WARD, ROBERT L. DAVIS, RICHARD J. R. RALEIGH, JR., ROBERT MOORER, AND JOSEPH FAWAL

Come now the Defendants, Alabama State Bar, F. Michael Haney, Robert Lusk, Cheryl Rankin, Bonnie Mainor, James Ward, Robert L. Davis, Richard J. R. Raleigh, Jr., Robert Moorer, and Joseph Fawal (hereinafter referred to collectively as "State Bar Defendants"), by and through the undersigned counsel, and pursuant to Rule 12(b), Federal Rules of Civil Procedure, move this court as follows:

1.    To dismiss this action because this Court lacks jurisdiction under the *Rooker-Feldman* doctrine. *District of Columbia v. Feldman,* 460 U.S. 462, 476 (1983); *Rooker v. Fideliety Trust Co.,* 263 U.S. 413, 415 (1923).

1

2. To dismiss this action because the State Bar Defendants are entitled to absolute judicial immunity.

3. To dismiss this action because the individual State Bar Defendants, acting as agents and employees of the Alabama State Bar, are entitled to quasi-judicial immunity. Rule 15, Ala. R. Disc. Pro.; *Simons v. Bellinger,* 643 F. 2d 774, 777-785 (D. C. Cir. 1980).

4. To dismiss this action because Defendant, Alabama State Bar, as an arm of the Alabama Supreme Court, has sovereign immunity under the Eleventh Amendment to the United States Constitution.

5. To dismiss this action because the individual State Bar Defendants are entitled to qualified immunity.

6. To dismiss this action because the State Bar Defendants are entitled to sovereign immunity under Article I, Section 14 of the Alabama Constitution (1901).

7. To dismiss this action because the individual State Bar Defendants are entitled to state agent immunity.

8. To dismiss this action because the Plaintiff is not permitted under Ala. Code §6-5-370 to bring a private cause of action for alleged criminal law violations.

9. To dismiss this action against State Bar Defendant Robert Moorer pursuant to Rule 12(b)(5), Fed. R. Civ. Pro., for insufficient service of process.

10. To dismiss this action because it is barred by the applicable statute of limitations.

11. To dismiss this action because supplemental jurisdiction should not be exercised in this case.

12. To dismiss the Plaintiff's conspiracy claim for failure to state a claim upon which relief can be granted and based upon judicial immunity.

13. To dismiss the Plaintiff's §1981 and Fifth Amendment Claims for failure to state a claim for relief as a matter of law.

14. The Plaintiff lacks standing to challenge the Alabama State Bar and/or its officers' decision not to investigate or proceed on her complaint against Defendant Jones. *Smith v. Shook,* 237 F. 3d 1322, 1324-25 (11th Cir. 2001); *Doyle v. Oklahoma Bar Ass'n.,* 998 F. 3d 1339, 1566 (10th Cir. 1993).

15. The Alabama State Bar is not a legal entity subject to suit or liability under §1983 and §1985. *Walker v. Scarbrorugh,* 2007 WL 2784358, at *2 (M.D. Ala. Sept. 24, 2001); *Ellis v. Alabama ,* 2005 WL 1388064, at *5 (S.D. Ala. June 10, 2005), *adopted in,* No. Civ. A. 05-117-P-M., 2005 WL 1657124 (A.D. Ala. July 14, 2005).

16. In the alternative, the Defendants, pursuant to Rule 12(f), Fed. R. Civ. P., move this Court to strike the complaint for Plaintiff's failure to properly plead her claims for relief as required by Rule 8(a), Fed. R. Civ. Pro., by the inclusion in her complaint of redundant, immaterial, confusing, and conclusory allegations that are presented in a disorganized, illogical manner bearing no relevance or relationship to the claim for relief or legal conclusion upon which the Plaintiff's claim for relief is apparently based making it unreasonably difficult to prepare an intelligible response and appropriately defend against the claims.  In the event the Court declines to dismiss the complaint based upon the defenses asserted above, or declines to strike the complaint pursuant to Rule 12(f), alternatively, the Defendants, pursuant to Rule 12(e), Fed. R. Civ. Pro., move this Court to order the Plaintiff to amend her compliant to include a more definite statement of her claims, presented in substantial compliance with Rule 8, and stated with clarity and simplicity to allow the Defendants a reasonable opportunity to comprehend and prepare an appropriate response and defense to the claims.

Respectfully Submitted,

**/s/Robert E. Lusk, Jr.**

Robert E. Lusk, Jr.
(ASB-1270-K52R)
Assistant General Counsel
Alabama State Bar
Post Office Box 671

>Montgomery, Alabama 36101
>Telephone: 334-269-1515
>Fax:  334-261-6311
>Email:  robert.lusk@alabar.org
>
>Attorney for Defendants
>Alabama State Bar, F. Michael Haney,
>Robert Lusk (pro se), Cheryl Rankin, Bonnie Mainor, James Ward, Robert L. Davis, Richard J. R. Raleigh, Jr., Robert Moorer, and Joseph Fawal

CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECT system which will send notification of such filing to the following:

Jeffery H. Long	consumerfax@ago.state.al.us
Larry W. Harper	lwh@phm-law.com
Christie J. Stange	cjs@phm-law.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

Sherryl Snodgrass Caffey
P. O. Box #1276
56 Hughes Road
Madison, AL 35758

>**s/Robert E. Lusk, Jr.**
>Robert E. Lusk, Jr.
>(ASB-1270-K52R)

5