FILED
2011 Feb-08  PM 05:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SHERRYL SNODRASS CAFFEY,       )
                               )
        Plaintiff,             )
v.                             )    CASE NO. 2:10-cv-3050-VEH
ALABAMA SUPREME COURT, et al., )
                               )
        Defendants.            )

## MEMORANDUM BRIEF IN SUPPORT OF MOTION TO DISMISS AND/OR MOTION TO STRIKE AND/OR MOTION FOR MORE DEFINITE STATEMENT

Come now the Defendants, Alabama State Bar, F. Michael Haney, Robert Lusk, Cheryl Rankin, Bonnie Mainor, James Ward, Robert L. Davis, Richard J. R. Raleigh, Jr., Robert Moorer, and Joseph Fawal (hereinafter referred to collectively as "State Bar Defendants"), by and through the undersigned counsel, and submit this memorandum brief in support of Defendants' Motion to Dismiss and/or Motion to Strike and/or Motion for More Definite Statement.

## TABLE OF CONTENTS

Statement of the Facts                                               1

Standard of Review                                                   6

1.  This Court lacks jurisdiction under the *Rooker-Feldman* doctrine….   8

2.  The State Bar Defendants are entitled to absolute judicial immunity…   9

3.  The individual State Bar Defendants, acting as agents and employees of the Alabama State Bar, are entitled to quasi-judicial immunity…………………………………………………….. 10

4.  The Alabama State Bar, as an arm of the Alabama Supreme Court, has sovereign immunity under the Eleventh Amendment to the United States Constitution………………………………………… 11

5.  The individual State Bar Defendants are entitled to qualified immunity…………………………………………………….. 12

6.  The Defendants are entitled to sovereign immunity under Article I, Section 14 of the Alabama Constitution (1901)…………………….. 13

7.  The individual State Bar Defendants are entitled to state agent immunity…………………………………………………….. 13

8.  The Plaintiff is not permitted under Ala. Code §6-5-370 to bring a private cause of action for alleged criminal law violations…………. 15

9.  The complaint against Defendant, Robert Moorer should be dismissed for insufficient service of process……………………… 16

10. The claims are barred by the applicable statute of limitations…….. 17

11. Supplemental Jurisdiction should not be exercised in this case…… 18

12. Plaintiff's conspiracy claim is improperly and insufficiently pled and, therefore, fails to state a claim upon which relief can be granted, alternatively, if properly pled the State Bar Defendants are immune……………………………………………………… 18

13. Plaintiff's §1981 and Fifth Amendment claims are without merit… 20

14. The plaintiff lacks standing to challenge the Alabama State Bar and/or its officers' decisions not to investigate or proceed on her complaint against Defendant Jones……………………………... 20

15. The Alabama State Bar is not a legal entity subject to suit or

liability under §1983 and §1985…………………………………...          20

16. The complaint is not in compliance with Rule 8 and is so
    insufficiently plead that it fails to sate a claim upon which relief
    can be granted……………………………………………………          21

**Statement of the Facts**

The Plaintiff's complaint is a thinly veiled attempt to re-litigate and obtain federal appellate review from this Court of state court contempt proceedings against her and the resulting state court lawyer disciplinary proceedings, which ultimately led to her disbarment from the practice of law in the State of Alabama.

In and around March 20, 2000, Plaintiff represented a criminal defendant in *State of Alabama v. Hughes,* CC-99-226 in the Circuit Court of Limestone County, Alabama. The case was tried before a jury during the week of March 20, 2000. Plaintiff's conduct during the trial resulted in a mistrial. The trial court found Plaintiff in contempt of court, sentenced her to serve five (5) days in jail, and fined her $100.00. In the contempt order, the court stated:

> "It is the Order of this Court that the defense attorney in the above styled matter, [Plaintiff], has continued to conduct herself in such a manner before this Court that her actions constitute a clear contempt of this Court. It is the findings of the undersigned that [Plaintiff] has been disrespectful and contemptuous in her manner toward the Court and before a duly impaneled jury in such a way as to diminish and impair the respect due to judicial tribunals and further to interrupt the due course of this trial."

Plaintiff appealed the judgment of contempt, which was affirmed by the Alabama Court of Criminal Appeals on September 22, 2000.

On April 7, 2000, a grievance was filed with the Alabama State Bar reporting Plaintiff's misconduct. The grievance was assigned to the Huntsville-

Madison County Bar Association local grievance committee for investigation pursuant to Rule 12(b), Alabama Rules of Disciplinary Procedure.  More than two years later, the investigation had not been completed.  Therefore, on June 3, 2002, the General Counsel of the Alabama State Bar, pursuant to Rule 7(b), Ala. R. Disc. P., recalled the investigation.  The investigative file was returned.

On May 1, 2003, formal disciplinary charges were filed alleging that by her contemptuous conduct Plaintiff had violated the Alabama Rules of Professional Conduct.  On August 21, 2003, the Alabama State Bar filed a motion for summary judgment based, in part, on the proposition that the Alabama Circuit Court's finding of criminal contempt, which had been affirmed by the Alabama Court of Criminal Appeals, established a prima facie violation of the Alabama Rules of Professional Conduct.  The Disciplinary Board entered an order granting the Alabama State Bar's motion for summary judgment and, after a hearing to determine discipline, imposed a seven-day suspension from the practice of law. Plaintiff appealed to the Board of Disciplinary Appeals of the Alabama State Bar, which reversed the Disciplinary Board's order granting summary judgment and remanded the case with instructions to conduct a hearing "to adjudicate the formal charges against Plaintiff and to assess punishment should a violation of some or all of the rules be established." The Alabama Supreme Court affirmed. See, *Alabama State Bar v. Caffey,* 938 So. 2d 942 (Ala. 2006).

On November 18, 2008, on remand from the Alabama Supreme Court, a full evidentiary hearing was conducted before the Disciplinary Board.  Plaintiff did not appear for the hearing.  At the conclusion of hearing, the Disciplinary Board found Plaintiff guilty of violating Rules 3.1(a), 3.2, 3.5(c), 8.2, 8.4(a), and 8.4(d), Alabama Rules of Professional Conduct.  In sum, the Disciplinary Board's finding of guilt was based upon Plaintiff's contemptuous conduct toward the Circuit Court of Limestone County.  It was established by clear and convincing evidence that Plaintiff was late to court, disrespectful to opposing counsel, witnesses, and the judge.  Plaintiff repeatedly argued with the judge, questioned the judge's rulings, and refused to proceed with the trial because of her disagreement with the judge's ruling on the admissibility of evidence.  Plaintiff's conduct during the course of the trial resulted in a mistrial of the case.  Thereafter, Plaintiff made public statements attacking the integrity and standing of the judge and the state court proceedings.  The Plaintiff's public statements were false and/or made with reckless disregard as to their truthfulness.  Based upon the finding of guilt, and after a hearing to determine discipline, the Disciplinary Board ordered that Plaintiff be disbarred from the practice of law.

Plaintiff appealed to the Alabama Supreme Court on December 29, 2008. She also filed a Motion to Vacate the order of the Disciplinary Board, which was denied on January 22, 2009.  Plaintiff also filed a Motion to Accept Corrected

Notice of Appeal as Timely Filed with the Supreme Court on December 29, 2008, but the Alabama State Bar was not served with a copy of the motion as required by court rule.  Thereafter, Plaintiff did not make satisfactory arrangements with the court reporter or Disciplinary Clerk for production of the reporter's transcript and clerk's record as required by Rule 10(b)(2), Alabama Rules of Appellate Procedure and Rule 12(f), Alabama Rules of Disciplinary Procedure.

On February 13, 2009, the Alabama Supreme Court issued notice to the Plaintiff that the Appeal had been docketed and granted Plaintiff's Motion to Accept Corrected Notice of Appeal as Timely Filed.  Plaintiff did not make satisfactory arrangements with the court reporter or Disciplinary Clerk for production of the reporter's transcript and clerk's record as required by court rule even after receipt of the Supreme Court's notice that the appeal had been docketed and that her Motion to Accept Corrected Notice of Appeal as Timely Filed had been granted.

On February 29, 2009, the Alabama Supreme Court warned Plaintiff that her failure to timely file the record on appeal within seven (7) days from that date would result in dismissal of the appeal. Plaintiff did not make satisfactory arrangements with the court reporter or Disciplinary Clerk for production of the reporter's transcript and clerk's record and filing as ordered by the Court.  Instead

on the final day, Plaintiff filed a Motion for Enlargement of Time or in the Alternative Motion for Recalculation of Completion and Filing of Record on Appeal from February 18, 2009. The Alabama State Bar was not served with a copy of this motion as required by court rule.

On March 5, 2009, the Alabama Supreme allowed Plaintiff 14 days to secure the record on appeal and warned that Plaintiff's failure to do so would result in dismissal of her appeal. On March 16, 2009, the Disciplinary Clerk notified Plaintiff that as of that date the court reporter had not been paid for the reporter's transcript. Plaintiff paid the costs of production of the record on appeal on March 19, 2009. The record on appeal was filed by the Disciplinary Clerk on April 30, 2009. Plaintiff's brief in the Alabama Supreme Court was due on May 28, 2009. At some point, Plaintiff filed for an extension or enlargement, which was granted by the Alabama Supreme Court on June 8, 2009. Plaintiff did not serve a copy of her motion for extension or enlargement on the Alabama State Bar. Plaintiff's brief was due on or before June 18, 2009. Plaintiff was warned that no further extensions would be granted. Plaintiff did not file her brief within the time allowed by the Alabama Supreme Court and, therefore, on August 4, 2009, the Alabama Supreme Court dismissed Plaintiff's appeal pursuant to Rule 2(a)(2)(C), Alabama Rules of Appellate Procedure, because of her "obvious failure to prosecute the appeal."

Plaintiff filed a Petition for Writ of Certiorari with the United State Supreme Court challenging the decision of the Alabama Supreme Court.  Certiorari was denied without opinion.  See, *Caffey v. Alabama State Bar,* 130 S.Ct. 2373, 176 L.Ed 767 (U.S. 2010).  The denial of certiorari by the U.S. Supreme Court made the final decision of the Alabama Supreme Court the final order in the case.

## **Standard of Review**

Rule 12(b), Federal Rules of Civil Procedure allows a defendant to assert certain defenses and move for dismissal of all or some of a plaintiff's claims by motion.  A party may move the court to dismiss a case if the court lacks jurisdiction over the subject matter of the case.  The Plaintiff bears the burden of establishing the court's subject matter jurisdiction. *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (citing *Bell atl. Corp. v.Ttwonbly,* 550 U.S. 544, 555 (2007).  A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S. Ct.

6

at 1949.  The complaint must establish "more than a sheer possibility that a

defendant has acted unlawfully." *Iqbal,* 129 S. Ct. at 1949; *see also Bell Atl.*

*Corp.,* 550 U.S. at 555 ("Factual allegations must be enough to raise a right to

relief above the speculative level."). Ultimately, this inquiry is a "context-specific

task that requires the reviewing court to draw on its judicial experience and

common sense." *Iqbal,* 129 S. Ct. at 1950.  On a motion to dismiss under Rule

12(b)(6), the court accepts all of a plaintiff's factual allegations as true. See, e.g.,

*Grossman v. Nationsbank, N.A.,* 225 F.3d 1228, 1231 (11th Cir. 2000). However,

legal conclusions unsupported by factual allegations are not entitled to that

assumption of truth. *Iqbal,* 129 S. Ct. at 1950.

Among the Plaintiff's myriad of claims she alleges that the Defendant

Alabama State Bar, its agents and employees, individually and in their official

capacities (Doc. 1, ¶11), illegally suspended and disbarred her (Doc. 1, ¶9);

suppressed a tape recording of the underlying state court trial and other evidence

during the November 2008 disciplinary hearing (Doc. 1, ¶¶ 37, 40, 42); treated her

differently when they prosecuted the Plaintiff on the grievance filed by Defendant

Jones and declined to prosecute the complaint the Plaintiff filed against Defendant

Jones (Doc. 1, ¶¶47-48).  The Plaintiff also alleges that Defendant Lusk retaliated

against her by including information regarding the local grievance committee's

investigator's prior disciplinary history when attempting to discredit the local

grievance committee's investigator's investigative report and conclusion that the Plaintiff did not violate a Rule of Professional Conduct (Doc. 1, ¶57); that Defendant Lusk retaliated against her on her first appeal when he requested the Alabama Supreme Court to increase her punishment (Doc. 1, ¶59); that Defendant Lusk made various false representations to the Disciplinary Board during the November 2008 disciplinary hearing thereby resulting in a denial of her rights guaranteed under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. (Doc. 1, ¶¶81-86)  Plaintiff further alleges that Defendant Lusk offered illegal evidence, suborned perjury, violated her right against double jeopardy, res judicata, and other rights during his prosecution of the lawyer disciplinary complaint against her. (Doc. 1, ¶87)

1.    **This Court lacks jurisdiction under the *Rooker-Feldman* doctrine.**

Under the *Rooker-Fedman* Doctrine federal district courts generally lack jurisdiction to review a final sate court decision. *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303 (1983); *Rooker v. Fidelity Trust co.,* 263 U.S. 413, 44 S.Ct. 149 (1923).  Instead, "the authority to review final decisions from the highest court of the state is reserved to the Supreme Court of the United States." *Zisser v. The Florida Bar,* __ F. 3d. __ [No. 10-11974, 11th Circuit, January 19, 2011] (11th Cir. 2011), quoting, *Dale v. Moore,* 121 F.3d 624, 626 (11th Cir. 1997).

In the case, the Plaintiff's claims against the Alabama State Bar Defendants are based in their entirety upon the lawyer disciplinary proceedings and final judgment entered against the Plaintiff disbarring her from the practice of law in the State of Alabama.  The Plaintiff's lawyer disciplinary proceedings in which she was disbarred became final when she failed to prosecute her appeal resulting in dismissal of her appeal by the Alabama Supreme Court on August 4, 2009. (Doc. 1, Plaintiff's Exhibits 35, 36, 37).  Her complaint is nothing more than an attempt to obtain federal appellate review by this Court of that final state court judgment. Therefore, under *Rooker-Feldman*, this Court lacks subject matter jurisdiction. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 29 1 (2005); *Green v. Jefferson County Com'n,* 563 F. 3d 1243, 1249 (11th Cir. 2009); *Nicholson v. Shafe,* 558 F.3d 1266, 1270-72 (11th Cir. 2009); Lance v. Dennis, 546 U.S. 459, 463 (2006) (per curiam).

2.     **The Defendants are entitled to absolute judicial immunity.**

The Alabama State Bar is immune from suit as a branch of the Alabama Supreme Court.  The Preamble to the Alabama Rules of Disciplinary Procedure states:

> The Supreme Court of Alabama has inherent responsibility to supervise the conduct of attorneys who are its officers, and in furtherance thereof, it promulgates the following [Rules of Disciplinary Procedure] superseding all other rules and statutes

> pertaining to disciplinary enforcement heretofore promulgated or
> enacted.

*See also Worley v. Alabama State Bar*, 572 So. 2d 1239, 1242 (Ala. 1990). "Thus, in exercising its inherent responsibility, [the Alabama Supreme Court] created the [Disciplinary Board of the State Bar], but it retained the power to inquire into the merits of any matters before the Board and retained the power to take any action it sees fit to take in such matters." *Worley,* 572 So. 2d 1242; *see also Bd. of Com'rs of Ala. State Bar v. State ex rel. Baxley,* 324 So. 2d 256, 258-62 (Ala. 1975) (holding that the State Bar is an arm of the Alabama Supreme Court and detailing the regulation of attorneys by the State Bar as a judicial function). The judicial nature of the State Bar aligns with the role of other state bars nationally. *See State ex rel Baxley*, 324 So. 2d at 261 n.2 (citing cases from all fifty states indicating the judicial function of the regulation of lawyers). *See also, Shuler v. Swatek,* No. 2:10-CV-01213-AKK, Memorandum Opinion, Doc. 40, at p. 11 (U.S.D.C. Northern Dist. Alabama, December 29, 2010)

**3.     <u>The individual defendants, acting as agents and employees of the Alabama State Bar, are entitled to quasi-judicial immunity.</u>**

The Plaintiff alleges in conclusory fashion that certain State Bar Defendants engaged in bad faith, collusion, conspiracy, and intentional conduct in violation of her constitutional rights.  However, the Plaintiff's allegations are insufficient to support a claim that the State Bar Defendants' conduct clearly went beyond the

scope of their jurisdiction and the exercise of discretion during the lawyer

disciplinary proceedings.  These State Bar Defendants are immune from suit for

their decisions in the lawyer disciplinary process.  See, Rule 15, Ala. R. Disc. P.,

which is a codification of the quasi-judicial immunity afforded to such members of

the State Bar who exercise discretion in the performance of a judicial function.

See, *e.g., Simons v. Bellinger,* 643 F. 2d 774, 777-785 (D.C. Cir. 1980) (examining

the issue in great detail and granting absolute immunity to committee members of

the D.C. bar for their actions in determining whether and how to proceed on a

complaint); *See also, Cohran v. Georgia,* 790 F. Supp. 1568, 1574-75 (N.D. Ga.

1992) ("State bar disciplinary proceedings are judicial in nature.").

**4.**     **The Alabama State Bar, as an arm of the Alabama Supreme Court, has sovereign immunity under the Eleventh Amendment to the United States Constitution.**

The Alabama State Bar and its officials is an arm of the Alabama Supreme

Court and cannot be sued in federal court because the State of Alabama has not

waived its Eleventh Amendment immunity.  *See, McFarland v. Folsom,* 854 F.

Supp. 862, 872 (M.D. Ala. 1994) "this conditional limitation on the exercise of

federal jurisdiction applies not only to the state sued in its own name, but to state

agencies acting under its control, or as 'arms of the state'" *McFarland,* 854 F.

Supp. at 872 (Quoting *Welch v. Texas Dep't of Highways and Pub. Transp.,* 483

U.S. 468 (1987); *Simmons v. Conger*, 86 F.3d 1080, 1084 ( 11th Cir. 1996)

(holding district court erred in awarding damages against state circuit court judge in his official capacity, given that such relief is barred by the Eleventh Amendment.); *See also, Krempp v. Dobbs,* 775 F. 2d 1319, 1321 (5th Cir. 1985) ("Plaintiffs' claims for damages against the State Bar and the State Commission on Judicial Conduct are barred by the [E]leventh Amendment.")  The Defendants are entitled to absolute immunity in their official capacities under the Eleventh Amendment.

**5.**    **The State Bar Defendants are entitled to qualified immunity on damage claims against them individually.**

The State Bar Defendants sued in their individual capacity under 42 U.S.C. § 1983 for violation of the United States Constitution and federal law are entitled to qualified immunity if performing a discretionary function. *Crosby v. Monroe County*, 394 F.3d 1328, 1332 (11th Cir. 2004). The State Bar Defendants were at all times acting in their official capacity and exercising discretion within the jurisdiction afforded the Alabama State Bar, its Disciplinary Board, and its employees and agents during lawyer disciplinary proceedings. Having established that the State Bar Defendants were engaged in a discretionary function, Plaintiff bears the burden of demonstrating by sufficient factual allegations that the Defendant officials are entitled to qualified immunity. *Crosby*, 394 F.3d at 1332. Absent sufficient factual allegations, the State Bar Defendants are entitled to

Judgment as a matter of law. See *Marsh v. Butler County,* 268 F. 3d 10 14, 1028 (11th Cir. 2001).

**6.     The State Bar Defendants are entitled to sovereign immunity under Article I, Section 14 of the Alabama Constitution (1901).**

Article I, § 14, of the Alabama Constitution provides that "the State of Alabama shall never be made a defendant in any court of law or equity." "This constitutional provision has been described as a nearly impregnable and almost invincible wall that provides the State an unwaiverable, absolute immunity from suit in any court." Ex Parte Shelley, 2009 WL 2997498, 2 (Ala. 2009) (internal citations omitted).  Therefore, the State Bar Defendants are entitled to Art. I, §14 immunity on all state law claims.

**7.     The individual State Bar Defendants are entitled to state agent immunity.**

In *Ex Parte Cranman,* 792 So. 2d 392 (Ala. 2000), "[t]he Court reset the parameters of State-agent immunity by specifying the type of conduct for which [state agent] immunity would be afforded and the circumstances in which it would not be." *LeFrere v. Quezada,* 582 F.3d 1260, 1265 (11th Cir. 2009).

The Court in *Ex parte Cranman,* 792 So. 2d 392, 405 (Ala. 2000), held, in pertinent part:

We therefore restate the rule governing State-agent immunity:

A State agent shall be immune from civil liability in his or her personal capacity when the conduct made the basis of the claim against the agent is based upon the agent's

(1) formulating plans, policies, or designs; or

(2) exercising his or her judgment in the administration of a department or agency of government, including, but not limited to, examples such as:

>    (a) making administrative adjudications;

>    (b) allocating resources;

>    (c) negotiating contracts;

>    (d) hiring, firing, transferring, assigning, or supervising personnel; or

(3) discharging duties imposed on a department or agency by statute, rule, or regulation, insofar as the statute, rule, or regulation prescribes the manner for performing the duties and the State agent performs the duties in that manner; or

4) exercising judgment in the enforcement of the criminal laws of the State, including, but not limited to, law-enforcement officers' arresting or attempting to arrest persons; or

(5) exercising judgment in the discharge of duties imposed by statute, rule, or regulation in releasing prisoners, counseling or releasing persons of unsound mind, or educating students.

Notwithstanding anything to the contrary in the foregoing statement of the rule, a State agent shall not be immune from civil liability in his or her personal capacity

(1) when the Constitution or laws of the United States, or the Constitution of this State, or laws, rules, or regulations of this State enacted or promulgated for the purpose of regulating the activities of a governmental agency require otherwise; or

(2) when the State agent acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law.

14

The State Bar Defendants are clearly entitled to protection from suit in their individual capacity under the doctrine of state agent immunity as recognized in *Ex parte Cranman.*  At all times, the Alabama State Bar Defendants were acting and discharging duties imposed on the agency by statute, rule or regulation and were discharging such duties in the manner prescribed.  Furthermore, there is absolutely no basis upon which to find that the State Bar Defendants individually or collectively acted willfully, maliciously, fraudulently, in bad faith, beyond their authority, or under a mistaken interpretation of the law at any time during the lawyer disciplinary proceedings.  Therefore, state agent immunity is available to the State Bar Defendants.

**8.**     <u>**The Plaintiff is not permitted under Ala. Code §6-5-370 to bring a**</u>
              <u>**private cause of action for alleged criminal law violations.**</u>

The Plaintiff alleges multiple violations of federal and state criminal laws and attempts to assert these claims through Ala. Code § 6-5-370 (1975). (Doc. 1, ¶2). However, the Plaintiff's "reliance on § 6-5-370 as permitting private causes of action for criminal state law violations is misplaced." *Crooked Creek Properties, Inc., v. Ensley*, 2009 WL 3644835 at *7 (M.D. Ala. 2009) (not reported).  Ala. Code §6-5-370 provides "[f]or any injury, either to person or property, amounting to a felony, a civil action may be commenced by the party injured without prosecution of the offender." Ala. Code § 6-5-370 (1975). "Section 6-5-370 does

not create a cause of action; rather, it merely allows a plaintiff to commence a civil action, even if the plaintiff does not pursue criminal prosecution of the defendant." *Crooked Creek,* at 7 (citing *Lewis v. Fraunfelder*, 796 So. 2d 1067, 1070 (Ala. 2000)). Stated differently, this section "only eliminates an obstacle for plaintiffs with a valid cause of action; it does not create a civil cause of action for any injury that amounts to a felony." *Preskitt v. Lyons*, 865 So. 2d 424, 429 (Ala. 2003)(emphasis in original). Accordingly, §6-5- 370 Alabama cannot be used by the Plaintiff to assert a private cause of action alleging violations of criminal statutes.

9. **The complaint against defendant Robert Moorer should be dismissed for insufficient of service of process.**

State Bar Defendant Robert Moorer has not been served with process. Rule 12(b)(5), Fed. R. Civ. Pro., allows for dismissal of a complaint due to insufficiency of service of process. *See, Rzayeva v. U.S.,* 492 F.Supp.2d 60, 74-75 (D. Conn. 2007); *see also Greene v. Wright,* 389 F.Supp.2d 416, 426 n. 2 (D.Conn.2005) ("A Rule 12(b)(5) motion is the proper vehicle for challenging ... the lack of delivery of the summons and complaint." (*quoting* 5B CHARLES ALLAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1353, at 334 (3d ed.2004)). A motion to dismiss pursuant to Rule 12(b)(5) must be granted if the plaintiff fails to serve a copy of the summons and

complaint on the defendants pursuant to Rule 4, Fed. R. Civ. Pro.  *Cole v. Aetna Life & Cas.,* 70 F.Supp.2d 106, 110 (D.Conn.1999). "Once validity of service has been challenged, it becomes the plaintiff's burden to prove that service of process was adequate." *Cole,* 70 F.Supp.2d at 110.

**10.**   **This action is barred by the applicable statute of limitations.**

Congress did not provide a statute of limitations for §1983 actions. However, the United States Supreme Court established that in §1983 cases, the applicable statute of limitations is the residual statute of limitations for personal injuries provided by the law of the state in which the action is proceeding. *Owens v. Okure,* 488 U.S. 235, 249-50 (1989). Alabama's general or residual statute of limitations for personal injury actions is two years. Ala. Code §6-2-38 (1975). Therefore, in §1983 actions brought in Alabama, the applicable statute of limitations is two years. *Lufkin v. McCallum,* 956 F.2d 1104, 1106 (11th Cir. 1992); *Parrish v. City of Opp*, 898 F.Supp. 839, 844 (M.D. Ala. 1995).  Although the lawyer disciplinary proceedings which culminated in the Plaintiff's disbarment occurred on November 18, 2008, much of the conduct upon which she bases her claims for damages occurred long before that time and certainly more than two years prior to the filing of her complaint on November 10, 2010.  Accordingly, her claims are due to be dismissed as barred by the applicable statute of limitations.

**11.** __Supplemental Jurisdiction should not be exercised in this case.__

Plaintiff's complaint attempts to set forth various tort and statutory claims under Alabama State law.  Assuming all of the Plaintiff's federal claims are beyond the jurisdiction of this court, this Court has the discretion to hear any remaining state law claims over which it has jurisdiction. *Baggett v. First National Bank of Gainesville,* 117 F. 3d 1342, 1352 ( 11th Cir. 1997).  However, 28 U.S.C. § 1367(c), allows this court to dismiss any state law claims where it has dismissed all the claims over which it had original jurisdiction. This Court should exercise its discretion and based upon consideration of principles of judicial economy, convenience, fairness, and comity decline to exercise supplemental Jurisdiction. *Palmer v. Hospital Authority of Randolph County*, 22 F.3d 1559, 1569 (11th Cir. 1994).

**12.** __Plaintiff's conspiracy claim is improperly and insufficiently pled; it fails to state a claim upon which relief can be granted and even if properly pled the defendants are immune.__

Plaintiff alleges the Defendants conspired to interfere with her civil rights. To the extent Plaintiff's complaint may be considered to present an allegation that Defendants conspired with each other to violate her constitutional rights with respect to the conduct about which she complains in the instant lawsuit, she is entitled to no relief.  Her allegations, even viewed in the most favorable light, are vague and conclusory.  Such allegations of conspiracy will not support a §1983

claim. *Fullman v. Graddick,* 739 F.2d 553, 556-57 (11th Cir. 1984). Plaintiff must make factual "allegations of a combination, agreement, or understanding among all or between any of the defendants [or co-conspirators] [to] plot[], plan[], or conspire[] together to carry out the alleged chain of events." *Ammlung v. City of Chester,* 494 F.2d 8 11, 8 14 (3rd Cir. 1974); *see also Lawline v. American Bar Association,* 738 F. Supp. 288, 295 at n. 7 (N.D. Ill. 1990), *aff'd,* 956 F.2d 1378 (7th Cir. 1992); *Carreon v. Baumann,* 747 F. Supp. 1290, 129 1-92 (N.D. Ill. 1990). Mere naked assertions or boilerplate allegations concerning a conspiracy are insufficient to state a viable constitutional claim. *See Phillip v. Mashburn,* 746 F.2d 782, 785 (11th Cir. 1984); Theis v. Smith, 676 F. Supp. 874, 877 (N.D. Ill. 988).

Even if Plaintiff had properly pled a conspiracy claim with the factual detail necessary, the Eleventh Circuit has held that judicial immunity would be assumed despite the assertion of conspiracy with another or an understanding concerning a judicial act to be performed. *Scott v. Dixon,* 720 F.2d 1542, 1546-047 (11th Cir.1983), cert. denied, __U.S.__. 103 S.Ct 122, 83 L.Ed.2d 64 (1984) (affirming the dismissal of a claim against a court clerk, holding that judicial immunity would be assumed despite the assertion that the court clerk and another defendant conspired with one another or reached an understanding concerning a judicial act to be performed.); *See also, Dykes v. Hose,* 776 F.2d 942 (11th Cir. 1985).

19

13.   **Plaintiff's §1981 and Fifth Amendment Claims are without merit.**

Section 1981 does not provide for claims against state actors. *Butts v. County of Volusia,* 222 F.3d 89 1, 892-894 (11th Cir. 2000). Likewise the Fifth Amendment Due Process Clause only applies to the Federal Government. *See Strickland v. City of Dothan,* 399 F. Supp. 2d 1275, 1284 (M.D. Ala. 2005) (citing *Bartkus v. State of Illinois,* 359 U.S. 121, 124 (1959)).

14.   **The plaintiff lacks standing to challenge the State Bar Defendants' decision not to investigate or proceed on her complaint against Defendant Jones.**

The Plaintiff lacks standing to pursue a claim based upon the Alabama State Bar's officer's decision not to investigate her complaint against Jones.  *See Smith v. Shook,* 237 F.3d. 1322, 1324-25 (11th Cir. 2001) (Upholding the district court's dismissal for lack of standing where plaintiff sue based on a state bar officer's failure to prosecute plaintiff's former attorney)

15.   **The Alabama State Bar is not a legal entity subject to suit or liability under §1983 and §1985.**

The Alabama State Bar is not a "person' within the meaning of §1983 that may be sued and, therefore, not subject to suit under §1983.  *Walker v. Scarbrorugh,* 2007 WL 2784358, at *2 (M.D. Ala. Sept. 24, 2001); *Ellis v. Alabama,* 2005 WL 1388064, at *5 (S.D. Ala. June 10, 2005), *adopted in,* No. Civ. A. 05-117-P-M., 2005 WL 1657124 (A.D. Ala. July 14, 2005).  Moreover,

because of the presumption of judicial immunity as previously discussed in ¶12

Plaintiff's conclusory §1985 claim is also due to be dismissed.

**16.**   **The complaint is not incompliance with Rule 8, and is so insufficiently pled that it fails to state a claim upon which relief can be granted.**

The Plaintiff's complaint should be stricken, pursuant to Rule 12(f), Fed. R.

Civ. P.,  for failure to properly plead claims for relief as required by Rule 8(a),

Fed. R. Civ. Pro.  The Plaintiff has included in her complaint of redundant,

immaterial, confusing, and conclusory allegations that are presented in a

disorganized and illogical manner, bearing no relevance or relationship to the

claim for relief or legal conclusion upon which the Plaintiff's claim for relief is

apparently based making it unreasonably difficult to prepare an intelligible

response and appropriately defend against the claims.

The State Bar Defendants have made a good-faith attempt to meet the

Plaintiff's "shotgun styled" pleading with the applicable defenses and immunities.,

particularly the clearly dispositive subject-matter jurisdiction defense of *Rooker-*

*Feldmn.*  However, if the Court declines to dismiss the complaint based upon the

defenses asserted above or declines to strike the complaint pursuant to Rule 12(f),

the Defendants, pursuant to Rule 12(e), Fed. R. Civ. Pro., request this Court to

order the Plaintiff to amend her complaint to include a more definite statement of

her claims, presented in substantial compliance with Rule 8, and stated with clarity

and simplicity in a reasonably organized manner to allow the Defendants a
reasonable opportunity to comprehend and prepare an appropriate response and
defense to the claims.

The Plaintiff's complaint is a prototypical shotgun pleading. "The typical
shotgun complaint contains several counts, each one incorporating by reference
the allegations of its predecessors, leading to a situation where most of the counts
(i.e., all but the first) contain irrelevant factual allegations and legal conclusions."
*Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.,* 305 F.3d 1293,
1295 (11th Cir. 2002). Throughout her complaint the Plaintiff incorporates
previous paragraphs by reference, which in addition to her confusing, disjointed
and illogical organization of her conclusory allegations, also includes multiple
claims and causes of action. "The use of shotgun pleadings in civil cases is a
ubiquitous problem." *Morro v. City of Birmingham,* 117 F.3d 508, 5 15 (11th Cir.
1997). "Shotgun pleadings are not allowed; a lawsuit is not a game of hunt the
peanut." *Dinkins v. Charoen Pokphand U.S.A., Inc.,* 133 F. Supp. 2d 1254, 1261
(M.D. Ala. 2001) (DeMent, J.). The Eleventh Circuit "has addressed the topic of
shotgun pleadings on numerous occasions in the past, often at great length and
always with great dismay." *Strategic Income Fund, L.L.C. v. Spear, Leeds &
Kellogg Corp.,* 305 F.3d 1293, 1296 n.9 (11th Cir. 2002). "Shotgun pleadings,
whether filed by plaintiffs or defendants, exact an intolerable toll on the trial

court's docket, lead to unnecessary and unchanneled discovery, and impose

unwarranted expense on the litigants, the court and the court's parajudicial

personnel and resources." *Cramer v. State of Florida,* 117 F.3d 1258, 1263 (11th

Cir. 1997). "Shotgun pleadings, if tolerated, harm the court by impeding its ability

to administer Justice." *Byrne v. Nezhat*, 261 F.3d 1075, 113 1 (11th Cir. 2001). "In

the long term ... the judicial work that results from shotgun pleading is far more

time consuming than the work required up front to prevent the case from

proceeding beyond the pleadings until the issues are reasonably well defined."

*Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.,* 162 F.3d 1290, 1333

(11th Cir. 1998). The Eleventh Circuit has criticized defendants for their failure to

move for a more definite statement in the face of a shotgun complaint. See, e.g.,

*Byrne v. Nezhat,* 261 F.3d 1075, 1128-29 (11th Cir. 2001); *Anderson v. District*

*Bd. of Trs.,* 77 F.3d 364, 366-67 (11th Cir. 1996).  Accordingly, the Plaintiff, a

lawyer, should be required to amend her complaint to comply with Rule 8, Fed. R.

Civ. Pro., as to any surviving claims.

Respectfully Submitted,

**s/Robert E. Lusk, Jr.**

Robert E. Lusk, Jr.
(ASB-1270-K52R)
Assistant General Counsel
Alabama State Bar

23

Post Office Box 671
Montgomery, Alabama 36101
Telephone: 334-269-1515
Fax:  334-261-6311
Email:  robert.lusk@alabar.org

Attorney for Defendants
Alabama State Bar, F. Michael Haney,
Robert Lusk (pro se), Cheryl Rankin
Bonnie Mainor, James Ward,
Robert L. Davis, Richard J. R. Raleigh, Jr.
Robert Moorer, and Joseph Fawal

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 8, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECT system which will send notification of such filing to the following:

Jeffery H. Long        consumerfax@ago.state.al.us
Larry W. Harper     lwh@phm-law.com
Christie J. Stange    cjs@phm-law.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

Sherryl Snodgrass Caffey
P. O. Box #1276
56 Hughes Road
Madison, AL 35758

**s/Robert E. Lusk, Jr.**
Robert E. Lusk, Jr.
(ASB-1270-K52R)

25