IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHERRYL SNODGRASS CAFFEY, } | |
| } | |
| Plaintiff, } | |
| v. } | CIVIL ACTION NO.: |
| } | 2:10-CV-03050-VEH |
| ALABAMA SUPREME COURT et al., } | |
| } | |
| Defendants. } | |

### PLAINTIFF'S RESPONSIVE BRIEF IN RESPONSE TO EXHIBIT B OF THE COURT'S ORDER and DOC . 17: DEFENDANTS' MOTION TO DISMISS, and/or in the alternative MOTION FOR MORE DEFINITE STATEMENT, or in the alternative, MOTION TO STRIKE

**COMES NOW** Plaintiff, and hereby responds to the aforesaid motions filed by the Alabama Supreme Court et al., Defendants by stating as follows:

Pursuant to *Rule 10* ©, Plaintiff hereby incorporates herein the matters asserted in her lawsuit and the Exhibits attached thereto, and her Responses to all of Defendants' Motions, as if fully stated herein.

**I.   THE *ROOKER-FELDMAN DOCTRINE* DOES NOT PRECLUDE REVIEW OF PLAINTIFF'S CLAIMS.**

It is well-settled law that the Rooker-Feldman doctrine bars lower federal court jurisdiction where four criteria are met: (1) the party in federal court is the

same as the party in state court, (2) the prior state court ruling was a final or conclusive judgment on the merits, (3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceeding, and (4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment. *Amos v. Glynn County Board of Tax Assessors,* 347 F. 3d 1249, 1266, n.11 (11th Cir. 2003); *Anthony J. Carey v. George Free, Warden, et al.,* 272 Fed. Appx. 875, 876 (11 Cir. 2008)

Additionally, in *EXXON MOBIL CORPORATION et al., v. SAUDI BASIC INDUSTRIES CORPORATION,* 544 U.S. 280 (US 2005, the court ruled that: "28 U.S.C.S. § 1257 - - which lodges appellate jurisdiction to reverse or modify a state-court judgment exclusively in the supreme Court - - does not stop a District Court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court."Said case further ruled that a federal plaintiff's presentation of independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party, does not deprive the federal court of jurisdiction, and state law would determine whether the defendant prevails under principles of preclusion.

In the instant case, none of the movants were parties in state court; there exists no final state ruling, nor judgment on the merits; there was no reasonable opportunity to raise federal claims in the Alabama Supreme Court against it, and its Justices and staff in its review of a Bar Hearing, as only issues preserved for such review and the Hearing Panel Record were subject to review. Moreover, Plaintiff learned of her complained of actions against the Supreme Court and its Justices and Staff Attorney more than a year after the review record had closed; and none of Plaintiff's claims in the instant action were adjudicated by the state court. Further, Plaintiff's causes of action occurred after the Supreme Court's 2006 remand; accordingly said Order does not constitute a finality of judgment on any of Plaintiff's instant claims. Moreover, Defendants have produced no final Order, nor Judgment, which rebuts *its* certified record at Exhibit 35.

In fact, Defendants motions are supported wholly by argument of counsel, which includes counsel's misrepresentations and testimony without personal knowledge thereof. Defendants have produced no evidence which rebuts Plaintiff's allegations and her supporting Exhibits, to include Defendants' Certified Docket Sheet at Exhibit 35. Likewise, Defendants have produced no evidence, nor law which supports their assertion that the United States denial of a Petition for Writ of Certiorari constitutes a final order, while Plaintiff has

presented her allegations and case law, which indicate otherwise.

## II. THE DEFENDANTS ARE <u>NOT</u> ENTITLED TO ABSOLUTE JUDICIAL IMMUNITY AND /OR QUASI-JUDICIAL IMMUNITY ON INDIVIDUAL CAPACITY CLAIMS.

## IV. THE DEFENDANTS ARE <u>NOT</u> ENTITLED TO QUALIFIED IMMUNITY ON INDIVIDUAL CAPACITY CLAIMS.

## VII. THE DEFENDANTS ARE <u>NOT</u> ENTITLED TO STATE AGENT IMMUNITY.

## VI. THE DEFENDANTS ARE <u>NOT</u> ENTITLED TO SOVEREIGN IMMUNITY UNDER ARTICLE 1, § 14 OF THE ALABAMA CONSTITUTION OF 1901.

Due to overlapping arguments, Plaintiff has combined her rebuttal to the aforesaid issues raised in Defendants' motions.

In *Patricia Working, Rick Erdemir, and Floyd McGinnis v. Jefferson County Election Commission,* 2011 Ala. LEXIS 16 (Ala. 2011), Defendants Alabama Supreme Court and its Justices ruled that: **"Sovereign immunity, arising pursuant to the Alabama constitution of 1901, § 14, provides no protection to the defendants because '[s]ection 14 immunity has no applicability to federal -law claims.'"** (quoting *Bedsole v. Clark,* 33 So.. 3d 9, 13 (Ala. Civ. App. 2009)

Also, in the aforesaid case, Defendants Alabama Supreme Court and its Justices, in determining immunity based upon claims against the State, quoted *Armory Comm'n of Alabama v. Staudt,* 388 So. 2d 991, 993 (Ala. 1980), and ruled that:

> **This court has held that "the use of the word 'State' in Section 14 was intended to protect from suit only immediate and strictly governmental agencies of the State.... Thus, we must determine what constitutes an "immediate and strictly governmental agency. The test for determining whether a legislatively created body is an immediate and strictly governmental agency for purposes of a sovereign-immunity analysis involves an assessment of (1) the character of the power delegated to the body; (2) the relation of the body to the State; and (3) the nature of the function performed by the body [("the Staudt test")].**

The United State Supreme Court has previously addressed the immunity issues raised by Defendants in numerous cases, to include the following:

In *Ex parte Virginia,* 100 U.S. 339, 348; 25 L. Ed. 676 (1880), we stated "whether the act done by a [judge] was judicial or not is to be determined by its character, and not by the character of the agent.

In *Bradley v. Fisher,* 13 Wall, at 347, the court examined the character of the act performed by a judge.

In *Mireless v. Waco,* 502 US 9, 116 L. Ed. 2nd 9, 14, 112 S. Ct. 286 (US

1991), the United States Supreme Court ruled that absolute judicial immunity is limited to acts of a judge acting in the normal role of a judge. In *Forrester v. White,* 484 US 219, 98 L. Ed. 2d 555, 561, 108 S. Ct. 538 (US 1988) the court ruled that the state-court judge did not have absolute immunity from a suit for damages under 42 USC § 1983 for his decision to dismiss a subordinate court employee who alleged that her dismissal constituted a violation of the Equal Protection Clause of the Fourteenth Amendment.

In *Stump v. Sparkman,* 435 US 349, 55 L. Ed. 2d 331, 344, 98 S. Ct. 1099 (1978) the Supreme Court found that:

> **The relevant cases demonstrate that the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself,, I. E., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity. Here, both factors indicate that Judge Stump's approval of the sterilization petition was a judicial act.... Because Judge Stump performed the type of act normally performed only by judges and because he did so in his capacity as a circuit Court Judge, we find no merit to respondents' argument that the informality with which he proceeded rendered his action nonjudicial and deprived him of his absolute immunity.**
>
> **The doctrine of qualified immunity protects governmental officials who are sued under 42 § 1983 for money damages in their personal, or individual capacities, but only so long as 'their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known.** *Harlow v. Fitzgerald,*

Page 6

> 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1983*)*; see also, e.g., *Thomas v. Roberts*, 261 F.3d 1160, 1170 (11th Cir. 2001)
>
> **In order to receive qualified immunity, the public official "must first prove that 'he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred.'"** *Courson v. McMillian*, 939 F.2d 1479, 1487 (11th Cir. 1991) (quoting *Rich v. Dollar,* 841 F.2d 1558, 1563 (11th Cir. 1988). **If the defendant was not acting within his discretionary authority, he is ineligible for the benefit of qualified immunity....***Lee v. Ferraro, 284 F.3d 1188, 1193-94 (11th Cir. 2002)*

In the instant case, Judge Woodrof's complained of actions derive from his role as a complaining and testifying witness, and not as a Circuit Judge; and the Alabama Supreme Court Justices' complained of actions derive from their failure to act in their judicial role, versus abdicating said role, as alleged in Plaintiff's complaint.

Additionally, in Ex parte Alabama Dept. of Forensic Sciences, 1997 WL 707058 (Ala. 1997), the Alabama Supreme Court ruled that: "the immunity conferred by Section 14 is not absolute; it does not apply where the state officer or employee is alleged to have acted illegally, fraudulently, in bad faith, beyond his authority, or under a mistaken interpretation of law, or where the lawsuit seeks to compel the performance of a legal duty or a ministerial act or to enjoin the enforcement of an unconstitutional law, or where the action is brought under the

Declaratory Judgment Act," as in the instant case.

Also, in Lightfoot v. Floyd, 667 So.2d 56, 107 Ed. Law Rep. 378 (Ala. 1995), the Defendant Jim Floyd, a police officer employed at Defendant University (Alabama A& M), claimed sovereign immunity and qualified immunity as a defense to the tort of conversion. The Alabama Supreme Court reaffirmed the finding in Finell v. Pitts, 222 Ala. 290, 293, 132 So. 2, 4 (1930), to wit:

> **An individual cannot justify a tort on a contention that it is for the state, if the state had no such right. If the state had the right, then its officers, acting by its authority, were justified."**

In the instant case, the Defendants had no right to commit the complained of violations of: state and federal statutory and case law, Plaintiff's constitutional rights, and criminal laws, as the State has no such right.

The Alabama Supreme Court further explained that: "discretionary functions are characterized by planning and decision-making, while ministerial functions are characterized by operational tasks." The Court further quoted 57 AmJur2d Municipal, County, School and State Tort Liability Sections 119, 120 (1988), to wit:

> **Performance of a discretionary function requires an exercise in judgment and choice as to what is proper and just under the circumstances. It involves the**

> exercise of personal deliberation and judgment, which in turn entails examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed... A function is discretionary when it devolves to the officer to determine whether he should perform a certain act and, if so, in what particular way. If a public employee is required to decide and act without fixed or readily ascertainable standards, the act is discretionary.
>
> A ministerial act envisions direct adherence to a governing rule or standard with a compulsory result. It is performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action.

Plaintiff's allegations herein concern Defendants' violations of ministerial acts, which are clearly established in Alabama statutory and case law; in the United States Constitution and the Alabama Constitution of 1901, as amended; and in the Alabama Rules of Conduct and the Alabama Rules of Disciplinary Procedure. Accordingly, based upon well-settled Alabama law, the Defendants are not entitled to immunity.

Further, in *Kevin D. Matthews v. Alabama Agricultural and Mechanical university et al.,* 787 So. 2d 691 (Ala. 2000), Defendant Alabama Supreme Court ruled that: Under Ala. R. Civ P. 8, immunity is an affirmative defense that the defendant must plead and prove. See *Lightfoot v. Floyd,* 667 So. 2d 56, 64 (Ala.

1995); *Phillips v. Thomas,* 555 So. 2d 81, 86 (Ala. 1989); Rule 8, Ala. R. Civ. P.

Said Defendant further ruled as follows;

> In support of their motion for a summary judgment, A & M and the university employees argued that they are agents of the State of Alabama and, therefore, are immune from suit by § 14 of the Constitution of Alabama of 1901. The defendants produced no admissible evidence in support of their motion for summary judgment. Their motion was supported entirely by a memorandum of law and the allegations in Matthew's amended complaint [as in the instant case]. At the time the defendants moved for a summary judgment, they had not filed an answer denying the allegations of Matthew's complaint. Moreover, there is no indication that when they moved for a summary judgment discovery had been completed. Therefore, we must determine whether, based on the allegations in Matthews's complaint, the defendants satisfied their burden of production to make a prima facing showing, If they did not, then the burden did not shift to Matthews to produce substantial evidence to refute the immunity defense. See *Bradford v. Universal Constr. Co.,* 644 So. 2d 864, 866 (Ala 1994); *Underwood v. Allstate Ins. Co.,* 590 So. 2d 258, 259 (Ala. 1991). Thus, whether the defendants made a prima facie showing depends on whether they are immune from suit under § 14 of the Constitution of Alabama of 1901 as a matter of law, based on the allegations in Matthews's amended complaint. See *Phillips,* 555 So. 2d at 84 (stating that the question whether a state officer or employee is entitled to qualified/substantive/discretionary-function immunity is a question of law to be decided by the trial court)."

> "When the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants.." *Phillips, 555 So. 2d at 83* To the extent Matthews might have sued the university employees in their official capacities and sought injunctive or declaratory relief, however, the trial court erred in stating that they are entitled to absolute immunity under §

14. See *Ex parte Alabama Dep't of Forensic Sciences,* 709 So. 2d 455, 245 (Ala. 1997) *Gill v. Sewell,* 356 So. 2d 1196, 1198 (Ala. 1978); *Unzicker v. State,* 346 So. 2d 931 (Ala. 1977) declaratory-judgment action)."

We understand Matthew's amended complaint to assert claims against the university employees in their individual capacities. In his amended complaint, Matthews sued the university employees, alleging (1) false imprisonment; (2) malicious prosecution; (3) libel and slander; (4) negligence; (5 through 7) several state constitutional violations; and (8) the tort of outrage; and seeking, in counts 9 and 10, declaratory relief and injunctive relief, respectively. Matthews alleges that the university employees violated "clearly established Constitutional and statutory rights," that they "exceeded the scope of their statutory and administrative authority," and that they acted willfully, fraudulently, outrageously, and maliciously. The university employees did not file an answer or any other pleading denying the allegations in Matthew's complaint, nor did they produce any admissible evidence in support of their motion for summary judgment. Thus, the university employees, in moving for a summary judgment based on the allegations in Matthew's complaint, did not make a prima facie showing and thereby shift the burden to Matthews to produce substantial evidence. See *Underwooe v. Allstate Ins. Co.,* 590 So. 2d 258, 259 (Ala. 1991) cv. *Pack,* 612 So. 2d 399 at 403.

Because Matthews has alleged in his amended complaint that the university employees acted willfully, maliciously, fraudulently, and beyond their authority, and because the university employees have presented no evidence indicating that they were exercising a discretionary function when Matthews was arrested for allegedly trespassing on the A & M campus, but instead relied solely on the pleadings, we cannot conclude that they are entitled either to sovereign immunity or to qualified/substantive/discretionary-function immunity. See *Ex parte Alabama Dep't of Forensic Sciences,* 709 So. 2d 455, 457 (Ala. 1997; *Wright v. Wynn,* 682 So. 2d 1, 2 (Ala. 1996); *Pack v. Blankenship,* 612 So. 2d 399, 403 (Ala. 1992; *Phillips,* 555 So. 2d. At 86 (holding that to be entitled to qualified/substantive/discretionary-function immunity at the summary-judgment stage, the defendant must meet his burden

> of showing that the alleged tortious act or omission arose out of a discretionary function).
>
> Therefore, the trial court erred in entering a summary judgment in favor of the university employees on the false-imprisonment, malicious-prosecution, libel and slander, negligence, and outrage counts (counts 1 through 4 and count 8). The trial court also erred in entering a summary judgment in favor of the university employees on Matthew's claims for declaratory and injunctive relief in counts 9 and 10; such claims come within exceptions to the sovereign immunity provided by § 14. See *Phillips,* 555 So. 2d at 83; *Aland v. Graham,* 287 Ala. 226, 250 So. 2d 677 (1977). "

In *Helen Kathryn Wheeler et al. V. Randall L. George et al. Southdale LLC v. Randall L. George et al, Todd Strange v. Helen Kathryn Wheeler et al.,* 2009 Ala. LEXIS 283, Defendants Alabama Supreme Court and its Justices ruled that: **"A state agent shall not be immune from civil liability in his or her personal capacity....when the state agent acts willfully, maliciously, fraudulently, in bad faith beyond his or her authority, or under a mistaken interpretation of the law."** Inasmuch as Plaintiff has alleged the foregoing, and presented evidentiary support thereof against all of the Defendants, and Defendants have offered no rebuttal thereto, other than argument, Defendants' motions to dismiss based upon the aforesaid immunity issues are due to be denied.

### III. THE DEFENDANTS ARE <u>NOT</u> ENTITLED TO ELEVENTH AMENDMENT IMMUNITY ON OFFICIAL CAPACITY CLAIMS.

In *McGinnis v. Jefferson County Election Commission,* Defendants Alabama Supreme Court considered and applied the statutory and case law set forth in: *42 U.S.C. § 1988; Missouri v. Jenkins,* 491 U.S. 274, 109 S. Ct. 2463, 105 L. Ed. 2d 229 (1989); *Hutto v. Finney,* 437 U.S. 678, 98 S. Ct. 2565, 57 L. Ed. 2d 522 (1978) and *Fairmont Creamery Co. V. Minnesota,* 275 U.S. 70, 48 S. Ct. 97, 72 L. Ed. 168 (1927)and ruled that: **"The foregoing authorities establish that the Eleventh Amendment will not shield a State agency from an award of attorney fees and expenses. Accordingly, we conclude that the trial court had subject-matter jurisdiction over the Working plaintiffs' action insofar as it sought an award of attorney fees and expenses against the JCEC based on the Working plaintiffs' federal-law claims."** Inasmuch as Plaintiff in the instant case has sought *§ 1988* [1]attorney fees and expenses based upon her federal claims, based upon the aforesaid statutory and case law, this Honorable Court has subject matter jurisdiction over her lawsuit.

### V. THE STATUTE OF LIMITATIONS IS <u>NOT</u> A BAR TO PLAINTIFF'S CLAIMS.

---

[1] Plaintiff continues to search for an Attorney, who will represent her in this highly controversial case.

Plaintiff's lawsuit is based upon wrongful actions against her which occurred during the November 18, 2008 Alabama State Bar Hearing, and thereafter. Plaintiff filed her lawsuit on November 10, 2010 within the two-year statute of limitation for these claims. Plaintiff has also presented a background of facts, which show a continuing pattern and practice of wrongful conduct and deprivations of her constitutional rights by the Defendants, to include the Alabama Supreme Court's recognition of her due process claim in its 2006 Remand Order, but declination to address it; and the Alabama Supreme Court's finding that she was not guilty of criminal contempt, but failure to void the criminal contempt finding and affirmation thereof in the [2]Alabama Court of Criminal Appeals. Accordingly, Defendants claim concerning statute of limitation is completely without merit and frivolous.

## VIII. CODE OF ALABAMA, § 6-5-370 (1975) PERMITS PLAINTIFF TO FILE CLAIMS OF CRIMINAL MISCONDUCT IN CIVIL ACTIONS.

The plain language of the aforesaid statute clearly permits Plaintiffs to file civil claims based upon criminal actions. Plaintiff has merely identified the

---

[2] It should be noted that Exhibit 2 shows that the Attorney General's Office transferred Plaintiff's Appeal of the trial court's contempt finding in the Alabama Court of Civil Appeals to the Alabama Court of Criminal Appeals, thereby forcing Plaintiff to re-file her appeal in the Court of Criminal Appeals, and assisting in criminalizing her. Neither the Alabama Supreme Court, nor the Attorney General's Office has corrected this injustice.

complained of criminal actions.

### IX. SUPPLEMENTAL JURISDICTION SHOULD BE EXERCISED IN THIS CASE.

Both Alabama and Federal law authorizes supplemental jurisdiction; and Defendants have provided no law to the contrary.

### X. PLAINTIFF'S 1983 DUE PROCESS CLAIM IS <u>NOT</u> BASED UPON NEGLIGENCE.

Accordingly, Plaintiff does not believe a further response is warranted.

### XI. PLAINTIFF'S CONSPIRACY CLAIM HAS BEEN PLEAD PROPERLY IN THE ABSENCE OF DISCOVERABLE INFORMATION NECESSARY TO NAME THE CO-CONSPIRATORS.

In fact, said claims include the very language that Defendants claims should have been included. Accordingly, Defendants' have failed to even factually support their claim to the contrary.

### XII. PLAINTIFF'S 42 U.S.C. 1981 AND FIFTH AMENDMENT CLAIMS DO NOT FAIL

Defendants have presented no credible factual assertions, nor evidence in support of this contention.

## XIII. DEFENDANTS HAVE FAILED TO PROPERLY PLEAD THEIR MOTION TO STRIKE.

Defendants have presented no credible factual assertions, nor evidence in support of this contention.

Moreover, the dismissal or striking of Plaintiff's Complaint would violate Plaintiff's statutory right and this Honorable Court's duty pursuant to Local Rule 83.1(3)© to permit her to "Show Cause" as to why this Court's implementation of Alabama's purported disciplinary actions are manifestly unjust. In fact, this Honorable Court also has jurisdiction of Plaintiff's Complaint pursuant to this Rule, thereby rendering a dismissal hereof manifestly unjust.

**WHEREFORE THE PREMISES CONSIDERED,** Plaintiff hereby moves this Honorable Court to DENY Defendants' motions.

This Response was timely filed on February 4, 2011 pursuant to this Honorable Court's Order, and the statutory law set forth in *Rule 6(a) and (d)*.

Respectfully submitted,

Sherryl Snodgrass Caffey, Plaintiff Pro Se
P.O. Box # 1276
Madison, Alabama 35758-1276
(256) 772-1712

## CERTIFICATE OF SERVICE

I hereby affirm that copies of the foregoing were mailed on this date, February, 14, 2011 to counsel for all of the Defendants, to wit:

Jeffery H. Long
Assistant Attorney General
500 Dexter Avenue
Montgomery, AL 36130

Robert E. Lusk, Jr.
Alabama State Bar
415 Dexter Avenue
Montgomery, AL 36101

Larry W. Harper, Esq.
Porterfield, Harper, Mills & Motlow, P.A.
22 Inverness Center Parkway
Suite 600
Birmingham, AL 35242-4821

/s/ Sherryl Snodgrass Caffey
Sherryl Snodgrass Caffey, *Pro Se*
P.O. Box # 1276
Madison, Alabama 35758-1276
(256) 772-1712